THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY A. WILLER, Defendant-Appellant.
Fourth District   No. 4—84—0646

Opinion filed April 15, 1985.—Modified on denial of rehearing May 3, 1985.

Daniel D. Yuhas and Judith N. Kirby, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Robert J. Biderman and Timothy J. Londrigan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant entered a plea of guilty in the circuit court of Vermilion County to the offenses of indecent liberties with a child, attempted aggravated incest, and two counts of aggravated incest (Ill. Rev. Stat. 1983, ch. 38, pars. 11—4(a)(2), 8—4(a), 11—10(a)(1), 11—10(a)(2)) on June 5, 1984, before Judge Robinson. On July 24, 1984, Judge Robinson imposed concurrent terms of imprisonment of seven years for indecent liberties with a child, seven years for aggravated incest, and two years for attempted aggravated incest. On July 26, 1984, defendant filed a motion to withdraw his plea of guilty because of the sentences imposed. The motion was denied on August 8, 1984, and this appeal followed, challenging the sentences imposed and requesting sentence credit.

■ We first consider defendant's argument that the trial court abused its discretion in imposing sentences beyond the statutory minimum. The defendant pleaded guilty to the offenses of indecent liberties with a child, a Class 1 felony providing for a term of imprisonment of from four to 15 years; aggravated incest, a Class 2 felony providing for a term of imprisonment of from three to seven years; and attempted aggravated incest, a Class 3 felony providing for a term of imprisonment of from two to five years. (Ill. Rev. Stat. 1983, ch. 38, pars. 11—4(a)(2), 11—10(a)(2), 8—4(a), 1005—8—1.) The only sentencing restriction under the plea agreement was that the sentences imposed by the court be concurrent. As the sentences were made concurrent, and were within the statutory range for the offenses and the sentencing range as described to the defendant prior to the court's acceptance of his guilty plea, which plea was reaffirmed by the defendant at the inception of the sentencing hearing, imposition of sentences beyond the statutory minimum does not, of itself, require that he be allowed to withdraw his

plea of guilty. In *People v. Stacey* (1977), 68 Ill. 2d 261, 266-67, 369 N.E.2d 1254, 1256-57, it was stated:

"As a part of such [a plea] agreement the defendant implicitly undertakes to accept the sentence of the court and to admit that the sentence is fair and justified under the circumstances of the case. (*People v. Whitehead* (1975), 32 Ill. App. 3d 615, 616; *People v. Melvin* (1975), 27 Ill. App. 3d 269, 273; *People v. Edwards* (1974), 18 Ill. App. 3d 379, 380.) This agreement applies to both a negotiated and nonnegotiated sentence imposed after a plea of guilty. ***

* * *

As we have observed, Rule 604(d) is more than a simple procedural step. It is one which goes to the heart of the agreement entered into between the People and the defendant. To allow the defendant to appeal by attacking only the sentence would make for the unwholesome situation of the accused, through negotiation with the State, obtaining modification or dismissal of the more serious charges, entering a plea of guilty, and then attacking not his admission of the crime but only the sentence imposed."

Although the above language in *Stacey* was in the context of holding compliance with Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) condition precedent to appeal after sentencing upon a plea of guilty, we find it likewise applicable here. The defendant's dissatisfaction is with the sentences imposed, but this dissatisfaction does not render involuntary his admissions of the crimes, and therefore does not require vacating the pleas of guilty. Moreover, we have reviewed the evidence presented in aggravation at the sentencing hearing, and find no abuse in the sentences imposed. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

■ Defendant also argues that he is entitled to sentence credit pursuant to the terms of section 5—8—7(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—7(b)), first, for nine days served in jail on this charge prior to his release on recognizance bond (from May 8, 1984, to May 17, 1984); and second for 68 days of "total home confinement," with release for employment and medical purposes, imposed as a condition of his release on recognizance bond, from the time of his release through the date of sentencing. Section 5—8—7(b) provides:

"The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed, at the rate specified in Section

3—6—3 of this Code." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—7(b).)

The State concedes defendant's entitlement to sentence credit for the nine days served in the Vermilion County jail, but argues he has waived the issue of his entitlement for the 68 days of "total home confinement" by failing to raise it in his motion to withdraw his plea of guilty, citing Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)).

Rule 604(d) provides that "[u]pon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." At the outset, the State's waiver argument, if applicable at all, applies with equal force to both periods for which defendant requests sentence credit. We hold that the waiver language of Rule 604(d) does not apply to issues of sentence credit raised for the first time on direct appeal from denial of a motion to withdraw a guilty plea.

■ Section 5—8—7 of the Code does not specify which authority is to compute the credit the defendant should be accorded for "time spent in custody" on a given charge. In *People v. Johnson* (1974), 23 Ill. App. 3d 886, 895, 321 N.E.2d 38, 46, the court commented that although it appeared the Department of Corrections could more conveniently perform the calculation, it had been the practice of some trial judges to compute and allow this credit. *Johnson* stated that, so long as the credit was given as required, it did not matter how it was accomplished. In *People v. Miles* (1983), 117 Ill. App. 3d 257, 259-60, 453 N.E.2d 68, 69-70, this court considered a case which demonstrated the obstacles which can arise when the calculation of jail credit is left to nonjudicial personnel. It is the judgment of the court which is the authority for the detention of the prisoner. (Ill. Rev. Stat. 1983, ch. 110, par. 701.) Further, it is fundamental that " '[a] sentence should be *** so complete that it will not be necessary for a nonjudicial or ministerial officer to supplement the written words to ascertain its meaning.' " *(People v. Miles* (1983), 117 Ill. App. 3d 257, 259, 453 N.E.2d 68, 69, citing *People v. Walton* (1969), 118 Ill. App. 2d 324, 333, 254 N.E.2d 190, 194-95.) Here, the record does not show that defendant was given any credit toward the sentences imposed by the trial judge. It is preferable for a defendant to request that the trial judge grant the sentencing credit to which he is entitled, and present any argument thereon, but the statute does not require that this procedure be followed.

Under *Johnson,* the Department of Corrections may be left to perform the calculation of credit, but any error, or the failure to perform the calculation, *would not necessarily be known to a defendant at the time for filing the motion to withdraw his guilty plea.* Section 5—4—

1(e)(4) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—4—1(e)(4)) provides that the clerk shall transmit to the department or institution to which the defendant is committed the number of days, if any, which he has been in custody and for which he is entitled to credit against the sentence, which information shall be provided to the clerk by the sheriff. Neither would any resulting error, or the failure to comply with this section, necessarily be known to a defendant at the time for filing the motion to withdraw his guilty plea. As the right to sentence credit derives wholly from statute and is not a constitutional right, it does not appear that sentencing credit would be the subject for relief in proceedings under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 et seq.; *People v. Owens* (1966), 34 Ill. 2d 149, 150-51, 214 N.E.2d 749, 750.) We see little point in requiring a defendant to initiate additional proceedings when sentencing credit issues may as well be raised on direct appeal from the denial of a motion to withdraw a plea of guilty. Also, since the statute does not mandate that the trial court compute and announce sentence credit to which a defendant is entitled, it cannot be said that sentence credit is within the scope of the plea agreement within the meaning of *Stacey*. We therefore consider the merits of the issue raised.

■ Upon a review of the record, we concur that defendant is entitled to sentence credit for the nine days served in jail prior to his release on recognizance bond. We reject defendant's argument as to his entitlement to an additional 68 days' sentence credit.

On May 16, 1984, defendant filed a motion to modify bail conditions, stating that he had been placed on "work release" bond with confinement in the county jail when not working, but had now arranged a place to live apart from his spouse and step-children within walking distance of his employment, and that he had no criminal record and was employed in the community. He sought modification of his bail conditions to permit his release. At hearing on May 17, 1984, defendant testified that if released, he would stay at a hotel within three blocks of his employment. The State opposed the motion. The court allowed the motion and ordered defendant's release from the public safety building, substituting as a bond condition "total home confinement" at the hotel indicated, with a release for employment and medical purposes, *e.g.*, counseling. The no-contact provisions, of which the defendant had previously been advised, were continued. The trial judge further informed the defendant that if the conditions were unsatisfactory, he could still utilize the 10% bond provisions provided by statute. (Ill. Rev. Stat. 1983, ch. 38, par. 110—7.) Although the docket sheet shows the recognizance bond filed May 17, 1984, no written order ap-

pears in the common law record on appeal.

Defendant contends that the commentary to section 5—8—7 illustrates legislative intent not to dictate specifically the place of confinement for purposes of sentence credit: "This section *** gives full credit for time served in custody as a result of the offense for which the sentence was imposed. *This would apply irrespective of where the offender was confined* and would apply to custody outside of the State." (Emphasis added.) (Ill. Ann. Stat., ch. 38, par. 1005—8—7, Council Commentary, at 224 (Smith-Hurd (1982).) Defendant further relies on certain statements in the decisions in *People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 316 N.E.2d 769, and *People v. Freeman* (1981), 95 Ill. App. 3d 297, 420 N.E.2d 163.

In *Sielaff*, the Illinois Supreme Court rejected the petitioner's contention that he was entitled to sentence credit for the period of his release on bail under section 5—8—7(b) of the Code. The court noted that the term "custody" has been defined as actual imprisonment, or it has been adapted to include lesser restraints (Black's Law Dictionary 460 (4th ed. 1951)). However, the court observed that article 8 of chapter V of the Code contains several provisions in which the term "custody" necessarily must be construed as relating to confinement, and further, that bail is defined as the security necessary to release a person from "custody." (See also *People v. Leon* (1980), 82 Ill. App. 3d 344, 402 N.E.2d 844.) In *Freeman*, this court rejected the defendant's contention that she was "in custody" within the meaning of section 5—8—7(b) of the Code during her stay at Gateway House Foundation Residential Drug Treatment Program in Springfield under the authority of a probation order. As the original record on appeal contained no information as to the nature or environment of Gateway House, this court on its own motion remanded the cause to the circuit court for the purpose of taking supplemental testimony and making supplemental findings of fact, and thereafter affirmed the trial court in denying sentence credit. The *Freeman* court stated that custody need not be penal in nature in order to obtain credit, and that under prior authority "confinement" is the functional equivalent of "custody," but found that the restraints of Gateway House amounted to neither. We emphasize that *Freeman* was not in the bail context.

The term "custody" has been defined as very elastic, and encompassing the mere power, legal or physical, of imprisoning or taking manual possession, as well as actual imprisonment or physical detention. Nevertheless, the very concept of "bail" is generally contrary to the concepts of "custody" or "confinement." Bail has been defined as:

"To procure release of one charged with an offense by insuring

his future attendance in court and compelling him to remain within jurisdiction of court. *** To deliver the defendant to persons who, in the manner prescribed by law, become security for his appearance in court. To set at liberty a person arrested or imprisoned, on security being taken for his appearance on a day and a place certain, which security is called 'bail' ***." (Black's Law Dictionary 127 (5th ed. 1979).)

"Release on own recognizance" has been defined as:

"Release of a defendant on personal recognizance when, having acquired control over his person, the court permits him to be at liberty during the pendency of the criminal action or proceeding upon his written promise to appear whenever his attendance before court may be required and to render himself amenable to the orders and processes of the court." (Black's Law Dictionary 1160 (5th ed. 1979).)

Article 110 of the Code of Criminal Procedure of 1963 pertains to the provisions of bail. (See Ill. Rev. Stat. 1983, ch. 38, pars. 110—1 through 110—17.) Section 110—10 provides in part:

"Conditions of bail bond. (a) If a person is admitted to bail before conviction the conditions of the bail bond shall be that he or she will:

(1) Appear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until discharged or final order of the court;

(2) Submit himself or herself to the orders and process of the court;

(3) Not depart this State without leave of the court;

(4) Not violate any criminal statute of any jurisdiction; and

(5) Such other reasonable conditions as the court may impose.

(b) If a person is released on his or her own recognizance, the court may impose other conditions, if, based upon proof presented, the court finds that such conditions are reasonably necessary to assure the defendant's appearance in court, protect the public from the defendant, or prevent the defendant's unlawful interference with the orderly administration of justice.

(1) Report to or appear in person before such person or agency as the court may direct;

(2) Refrain from possessing a firearm or other dangerous weapon;

(3) Refrain from approaching or communicating with particular persons or classes of persons;

(4) Refrain from going to certain described geographical ar-

eas or premises;

(5) Refrain from engaging in certain activities or indulging in intoxicating liquors or in certain drugs;

(6) Undergo treatment for drug addiction or alcoholism;

(7) Undergo medical or psychiatric treatment;

(8) Work or pursue a course of study or vocational training;

(9) Attend or reside in a facility designated by the court;

(10) Support his or her dependents." (Ill. Rev. Stat. 1983, ch. 38, par. 110—10.)

It is clear from a reading of the statute that the legislature intended that broad discretion be accorded the trial judge in fashioning the conditions of bail bond, all of which might be deemed restrictive in nature. Irrespective of the terminology used by the trial court to describe the conditions of bail or recognizance bond, we reject defendant's contention that being restricted to a hotel, with leave for purposes of employment, counseling and medical needs, can be equated to either custody or confinement for purposes of sentence credit under section 5—8—7(b); such a strained interpretation of these terms would interject a degree of subjectivity into the determinations not clearly intended by the legislature. This appeal does not challenge the propriety or reasonableness of the restriction as a condition of bond, and we offer no comment upon it.

Defendant further cites section 5—6—3(b)(11) of the Code, defining the conditions of home confinement when used as a condition of probation, in arguing that the terms of the recognizance bond placed "severe restrictions" on his freedom. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3(b)(11).) This statutory language is inapplicable to the circumstances here, both by its express terms and by the fact that when sentencing on probation revocation a defendant is entitled to sentence credit for time served on probation unless the trial judge expressly states otherwise. *People v. Hollingsworth* (1982), 89 Ill. 2d 466, 433 N.E.2d 682.

Accordingly, judgment of the circuit court of Vermilion County is affirmed and the cause remanded for crediting the defendant for nine days served in custody prior to his release on recognizance bond.

Affirmed and remanded.

TRAPP and MORTHLAND, JJ., concur.