THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, v. DONALD TILLERY, Defendant-Appellant (Charles E. Theivagt, Petitioner-Appellant).

Fourth District   No. 4—85—0411

Opinion filed March 6, 1986.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant Donald Tillery.

Law Offices of Gustine & Theivagt, Ltd., of Carrollton (Charles E. Theivagt, *pro se*, of counsel), for appellant Charles E. Theivagt.

Norbert J. Goetten, State's Attorney, of Carrollton (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the circuit court of Greene County, defendant, Donald Tillery, was convicted on April 16, 1985, of the following: (1) two counts charging reckless homicide (Ill. Rev. Stat. 1983, ch. 38, par. 9—3(a)); (2) one count charging driving under the influence of alcohol or other drugs (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)4); and (3) driving under a suspended license (Ill. Rev. Stat. 1983, ch. 95½, par. 6—303). On May 20, 1985, the court sentenced defendant to concurrent terms of three years' imprisonment for the reckless homicide convictions and one year of imprisonment for the other two offenses, with those terms to be concurrent with each other but to be consecutive to the homicide sentence. In addition, the court fined defendant $5,000, ordered him to make reimbursement for $4,000 in attorney fees, and ordered him to reimburse Greene County $1,000 for the expenses of keeping him in jail.

Defendant has appealed both the convictions and sentences. However, his sole claims of error concern the sentences. He contends that: (1) The court erred in denying him credit on his sentences for (a) time spent in a residential treatment center for alcoholics as a condition of his bond pending trial; and (b) time spent in jail awaiting trial; (2) the court abused its discretion in ordering him to pay $4,000 attorney fees without holding a hearing on the question and without the existence of evidence that defendant had a foreseeable ability to make the payments; (3) the court similarly abused its discretion in fining defendant $5,000; (4) the imposition of a charge for expenses of keeping defendant in jail was improper; (5) the one-year sentences were in

excess of the maximum imprisonment that could be imposed for the offenses involved; and (6) the imposition of consecutive sentences was error.

The State concedes that: (1) Defendant is entitled to credit on his sentences for the time he spent in jail awaiting trial and credit for $5 per day for each day he spent in jail awaiting trial; (2) the court had no power in this criminal proceeding to assess defendant for the expenses of keeping defendant in jail; (3) the court erred in sentencing defendant to a full year for the two offenses concerning driving as the maximum term of imprisonment for those offenses must be less than one year; and (4) the sentence for driving under the influence cannot properly be ordered to run consecutively to that for reckless homicide. We affirm the convictions and affirm certain portions of the sentences and reverse other portions.

Charles E. Theivagt, an attorney, was appointed by the court to represent defendant. Theivagt then proceeded to represent defendant from the time of his appointment on July 13, 1984, through the trial and until notice of appeal had been filed. Pursuant to the provisions of section 113—3(c) of the Illinois Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, par. 113—3(c)), Theivagt presented to the court verified statements concerning his services for his work up to December 3, 1983. Pursuant to court orders, he was paid a total of $1,295 for 25.9 hours of work shown on the affidavits. No further request for fees was made until the conclusion of the case, when Theivagt presented another affidavit in proper form requesting an additional $7,345 for 146.9 hours of work. The trial court awarded an additional sum of $2,705, thus making the amount of fees awarded equal to $4,000, which was the sum the defendant was ordered to reimburse the county.

■ Theivagt has appealed, contending that the fees are insufficient and requesting that we order additional fees in the full amount of his request. The State concedes that the fees were not properly determined and requests that we set aside the award and remand for careful redetermination. We agree that the matter should be remanded for further determination. The total fees were apparently fixed at $4,000 because that was the amount for which reimbursement was ordered. Upon rehearing, the court should determine fees upon the basis of the requirements of section 113—3.1 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1983, ch. 38, par. 113—3.1; *People v. Gangestad* (1984), 104 Ill. 2d 190, 470 N.E.2d 986; *People v. Johnson* (1981), 87 Ill. 2d 98, 429 N.E.2d 497.) In no event should the fees awarded be less than the previous award of $4,000.

· We need discuss the evidence of defendant's guilt only to state that it was sufficient for the jury to have determined beyond a reasonable doubt that (1) on July 7, 1984, in Greene County, defendant, while substantially intoxicated by alcoholic beverages and drugs, drove a motor vehicle in such a reckless manner as to cause it to become involved in a collision with another vehicle; and (2) two occupants of that vehicle died as a result of defendant's actions.

Pending trial, the court permitted defendant to be released on a $35,000 recognizance bond conditioned upon his reporting to an alcohol rehabilitation facility and to be "returned to [jail] when the program [was] completed." The bond order directed that, while at the facility, defendant was to be "closely supervised." While at the facility, defendant attended three group meetings a day and one in the evening. He was permitted to work three mornings per week at a State hospital near the facility. He walked the one mile distance between the hospital and the facility but was required to report each time he went from one place to the other. He was also permitted to be away for 15 minutes each day to go to a nearby store. Citing *People v. Freeman* (1981), 95 Ill. App. 3d 297, 420 N.E.2d 163, defendant asserts that he is entitled to credit on his sentence for the time he spent at the facility.

In *Freeman*, a defendant was taking part in a program at a facility similar to the one defendant here had attended. However, there, that defendant was not permitted to leave the facility for the first nine months he was in attendance. Nevertheless, we held that her placement at that institution was not the functional equivalent of holding her in custody. (*People v. Freeman* (1981), 95 Ill. App. 3d 297, 300, 420 N.E.2d 163, 165.) In *People v. Willer* (1985), 132 Ill. App. 3d 63, 476 N.E.2d 1385, where a defendant was required to remain in confinement in a hotel without leaving except for work or attending medical needs, all as a condition of bond, we held that the confinement was not the same as being in custody and ruled that the defendant was not entitled to credit for that period. The case here differs from *People v. Gallas* (1985), 136 Ill. App. 3d 482, 483 N.E.2d 621. There, pursuant to what is now section 22 of the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6322), a defendant who, after conviction, had been placed in the program, failed to complete it. Upon his subsequent sentence to imprisonment, the court held that he was entitled to credit for the time spent in the program. However, that legislation specifically provides that such credit must be given.

■ The line between confinement and a lack of confinement must

be drawn somewhere. We do not deem it appropriate to consider any facility less restrictive than that in *Freeman* to be a place of custody. The restrictions were lighter here than in *Freeman*, because defendant had frequent opportunities to leave the facility even though he was subject to some restriction. The trial court properly denied credit for the time defendant spent at the facility.

Accordingly, defendant is not entitled to credit on his imprisonment for the time he spent at the treatment facility, nor is he entitled under section 110—14 of the Illinois Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14) to credit on his fine at the rate of $5 per day for that period of time. As the State concedes, defendant is entitled to credit on his imprisonment and on his fine (at the rate of $5 per day) for the 147 days he was held in jail prior to trial.

■ Acting pursuant to the provisions of section 113—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 113—3.1), the trial court ordered defendant to repay Greene County $4,000 for the services of counsel appointed to represent him. This order was based on evidence that the defendant had been employed prior to the offense and that he was a sophomore in college with hopes of becoming a medical laboratory technician. There was no showing that the defendant had the present ability to make any payment, and he faced consecutive prison sentences which would last at least for a period of two years and could last four years. In *People v. Kelleher* (1983), 116 Ill. App. 3d 186, 452 N.E.2d 143, *cert. denied* (1984), 466 U.S. 907, 80 L. Ed. 2d 160, 104 S. Ct. 1686, we noted that section 113—3.1 was intended to require payment from those whose ability to pay was reasonably foreseeable. There is no indication that the legislation was intended to reach indigents merely because, upon being released from felony incarceration, they would be employable. If reimbursement could properly be ordered here, it could be ordered in most cases. We hold that the trial court looked beyond the limits of reasonable foreseeability in ordering reimbursement.

■ While the propriety of the imposition of fines is also based on ability of the defendant to pay (*People v. Oravis* (1980), 81 Ill. App. 3d 717, 402 N.E.2d 297), the requirement for the fine here is in a somewhat different posture from the reimbursement requirement. Defense counsel had suggested that if defendant were placed on probation, a substantial fine would be appropriate. Thus, the court could have considered this as an admission that the defendant would have some substantial future earning capacity. Now we can view the fine in the light of our setting aside of defendant's obligation to (1) make re-

imbursement for attorney fees; (2) pay for the expenses of keeping him in jail as a requirement of his sentence; and (3) pay some $835 of the fine. The $835 is the appropriate total of his $5 a day credit for time in jail. Considering all of the foregoing circumstances, we hold that the imposition of the fine was not a breach of discretion by the trial court.

Defendant objects that the court did not offer him a sufficient hearing as to the question of a fine. However, he did not request the opportunity to put on additional evidence. (See *People v. Davis* (1982), 93 Ill. 2d 155, 442 N.E.2d 855.) The record supported the imposition of the fine. *People v. Jumper* (1983), 113 Ill. App. 3d 346, 447 N.E.2d 531.

■ Next, we examine the propriety of the court's imposition of consecutive sentences. We must consider the restrictions placed on the use of such sentences by subsections (a) and (b) of section 5—8—4 of the Unified Code of Corrections, which state in part:

"(a) *** The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, in which event the court may enter sentences to run consecutively. ***

(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1983, ch. 38, pars. 1005—8—4(a), (b).

None of the offenses of which defendant was convicted were Class X or Class 1 felonies. The State has conceded that the driving under the influence offense and the reckless homicide offenses were "part of the single course of conduct during which there was no substantial change in the nature of the criminal objective." However, the State maintains that the reckless conduct and the driving under suspension offenses do not have that relationship. We agree.

Analysis of the criminal objectives involved in offenses of reckless homicide and driving under the influence is not easy, but it would readily appear that here, defendant's objective remained the same throughout his commission of both offenses. The intoxication of the defendant was the reason defendant drove recklessly and brought

about the deaths. While the collision would not have occurred had defendant not driven, the fact that his license had been suspended did not have a similar causal relationship to the collision. Section 5—8—4(a) did not prevent the court from properly making the driving-under-suspension sentence consecutive to that for reckless homicide.

At sentencing, the trial court clearly stated that one of its considerations in sentencing was to have the defendant confined so that he would not be driving. This decision was supported by the evidence of the highly reckless conduct of the defendant in causing the two deaths and his prior record of irresponsibility in driving which brought about the prior license suspensions. The record is sufficient to show that the court imposed the consecutive sentences on that basis and, in any event, any insufficiency in the court's articulation of this point is waived by failure to object in this respect at sentencing. (*People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473.) The defendant was not prejudiced by any failure to object, because the record fully demonstrates that if the objection had been made, the trial court would have supplied the words to support its obvious intent. The imposition of consecutive sentence for driving under suspension may stand.

For the reasons stated: (1) All convictions are affirmed; (2) the concurrent sentences of three years' imprisonment for reckless homicide and the fine of $5,000 are all affirmed; (3) a new mittimus must issue showing that defendant is entitled to 147 days credit toward service of the sentences he is presently serving, and a credit upon his fine at the rate of $5 per day for each of those 147 days; (4) the portion of the sentences requiring defendant to reimburse the county for the expenses of hiring an attorney and for keeping in the county jail are reversed; (5) the sentences for driving under the influence and for driving under suspension are reduced to a period of 364 days, thus making them proper misdemeanor sentences; (6) the sentence for driving under the influence is modified to provide that it run concurrently with the reckless homicide sentences; and (7) the award of attorney fees for Charles E. Theivagt is reversed.

The cause is remanded to the circuit court of Greene County for (1) the issuance of an amended mittimus to reflect the action of this court; and (2) the holding of a rehearing to determine proper fees for Charles E. Theivagt with directions that the fees awarded be not less than the $4,000 heretofore awarded.

Affirmed in part; reversed in part; and remanded with directions.

MORTHLAND and SPITZ, JJ., concur.