THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL THOMPSON, Defendant-Appellant.

Second District   No. 2—86—1012

Opinion filed September 12, 1988.

G. Joseph Weller and Paul G. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Michael Thompson, was convicted by a jury in the circuit court of Lake County of the offense of delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2)). The trial court sentenced him to a nine-year term of imprisonment. Initially the defendant appealed raising two issues: (1) whether the sentence is a product of an abuse of discretion and prejudgment on the part of the sentencing judge, and (2) whether sentence credit should be granted for the time the defendant spent while electronically monitored at his home.

We disposed of the first issue by an order pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23), adversely to the defendant, finding that the sentence imposed was not the product of an abuse of discretion or prejudgment on the part of the sentencing judge. However, on the second issue presented we determined that the precise workings of the Lake County electronic monitoring program were not detailed in the record beyond the trial judge's description of the program as involving "rigorous supervision." The State objected to the defendant supplementing the record with the Lake County electronic monitoring forms and suggested that the lack of a complete record should operate as a waiver. The State also objected to the defendant's request for a remand for an evidentiary hearing on the conditions of bail imposed by the electronic monitoring. We, however, deemed it of sufficient importance that we decide this case on a full and complete record, and we, therefore, remanded this case to the circuit court of Lake County for the purpose of holding an evidentiary hearing on the terms and conditions of electronic monitoring to which the defendant in this case was subjected. *People v. Freeman* (1981), 95 Ill. App. 3d 297, 299.

On remand the circuit court of Lake County held the hearing mandated by our earlier order pursuant to Supreme Court Rule 23 and filed with us a supplemental record along with its findings of fact and conclusions of law. The parties have filed supplemental briefs, and we have had the benefit of those in arriving at our determination of this issue.

The facts as they relate to this issue are simple and are not in dis-

pute. The defendant was arrested on May 17, 1986, for the sale of two packages, one weighing 51.52 grams and the other weighing 4.21 grams, each containing cocaine, to an undercover police officer. The defendant was jailed until his arraignment on the informations on June 5, 1986. On that date the circuit court of Lake County placed the defendant on supervised bail, conditioned upon his participation in the Lake County electronic monitoring program.

Ninety-seven days later the jury convicted the defendant of the offenses mentioned above. The defendant's bond was revoked, and he was placed in jail to await sentencing. The defendant was, as we have noted, sentenced to a nine-year term of imprisonment after a sentencing hearing. The defendant contends that he should be granted credit pursuant to section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b)) for the 97 days he served under the constraints of the Lake County electronic monitoring program. This provision of the Unified Code of Corrections gives the offender credit on a sentence for time spent in custody. We must determine, therefore, whether the time spent under the constraints of the Lake County monitoring program can be considered time spent in custody for the purposes of credit to be allowed under this Code provision. The trial court, after an evidentiary hearing, made findings of fact and conclusions of law. The findings of fact relevant to the issue at hand included that the defendant was released on a $50,000 recognizance bond on June 5, 1986, and was required to follow the rules and regulations of the Pretrial Bond Service of the Lake County Department of Court Services, including the wearing of an electronic transmitter. The defendant was on this recognizance bond for 97 days until he was remanded to the custody of the Lake County sheriff on the date of imposition of sentence and incarceration for the felony offenses.

During those 97 days a monitoring device was located at the defendant's home which received signals from a transmitter by telephone line which indicated to the pretrial bond service when and for how long the defendant was more than 150 feet from the monitor in his home. The records of the pretrial bond service show that the defendant was supervised by pretrial personnel either by the defendant being called by telephone at his home or by the defendant reporting to the pretrial bond service offices. The supervision was on a daily basis with an average of two to three contacts per day. The trial court made a determination that on 18 occasions the defendant was not at home when checked. The evidence showed that on some of these occasions the defendant, when he was not at home, went to some of the

following locations: his girlfriend's home, his attorney's office, job hunting, employment office, Public Aid office, work, out with friends, at friend's house, went to a store, went to a fireworks display, driving around with a friend and drinking beer, went to the doctor's office and a hospital. On occasions the defendant had parties at home. The trial court found that the defendant was on bond and not in custody during the 97 days in question and, therefore, should not be given credit for any time against the sentence imposed in this case.

After our review of the record in this case, we agree with the trial court's findings of fact and conclusions of law.

■ It is clear in Illinois that credit given on a prison sentence does not include the period of time during which the defendant is free on bail. (*People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 94.) In that case the supreme court noted that the Unified Code of Corrections does not specifically define the meaning of the term "custody." The court, in construing the bail provisions, determined that "custody" is equivalent to confinement.

In *People v. Freeman* (1981), 95 Ill. App. 3d 297, the appellate court held that time spent in a halfway house for drug rehabilitation would not be credited to a sentence. In *Freeman*, the program required that participants during the first 9 to 14 months be restricted to the halfway house unless accompanied by another resident. The court concluded that participation in the program was not equivalent to being in "custody" for sentence credit purposes.

■ In *People v. Willer* (1985), 132 Ill. App. 3d 63, the defendant was required to remain in a hotel without leaving except for employment counseling or attending medical needs, as a condition of bond. The appellate court held the confinement was not the same as being in custody and ruled that the defendant was not entitled to credit for that period. In *People v. Tillery* (1986), 141 Ill. App. 3d 610, the defendant alleged that it was error for the trial court to deny him credit on his sentences for (1) time spent in a residential treatment center for alcoholics as a condition of his bond pending trial; and (2) time spent in jail awaiting trial. The defendant was charged with driving while intoxicated by alcoholic beverages and drugs and having driven a motor vehicle in such a reckless manner as to cause a collision with another vehicle in which two occupants of that vehicle died as a result of that defendant's actions. Pending trial, the court permitted defendant to be released on a recognizance bond conditioned upon his reporting to an alcoholic treatment facility and to be "returned to [jail] when the program [was] completed." (*Tillery*, 141 Ill. App. 3d at 613.) It appeared that while he was at the alcohol facility

he was closely supervised, attended group meetings three times a day and once in the evening, and was permitted to work three mornings a week near the facility. The appellate court noted that the line between confinement and lack of confinement must necessarily be drawn somewhere and deemed that it was appropriate to consider any facility less restrictive than that in *Freeman* to not be a place of custody. Since the restrictions in *Tillery* were lighter than those in *Freeman*, the defendant was denied credit for time that he spent at the facility. We deem these cases to be dispositive of the case at hand. We believe that defendant's confinement in the case at hand was much less restrictive than that in *Freeman*, and that, in fact, he on many occasions was out of touch with the monitoring system and free to go where he chose. Therefore, the order of the trial court finding that the defendant was not entitled to sentence credit under the provisions of the statute was a correct determination, and we affirm the judgment of the circuit court of Lake County.

Affirmed.

DUNN and NASH, JJ., concur.