THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANIEL R. RAMOS, Defendant-Appellant.

Third District    No. 3—88—0452

Opinion filed April 20, 1989.

Stephen Omolecki and Shari D. Goggs-Ward, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Daniel Ramos appeals from the judgment of the circuit court of Rock Island County denying his motion for additional sentence credit. Ramos was charged by information with residential burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—3) and theft (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(d)(1)). On November 17, 1987, Ramos was placed under a $50,000 recognizance home detention bond and was assigned to an adult probation officer. As a condition of the bond, Ramos was not to leave the home of his mother and stepfather without the prior consent of his probation officer or the court. He was not permitted to go to school or work. During the period of his home detention, Ramos was

permitted to leave on only three occasions: to appear in court for his arraignment, to go to his attorney's office for consultation, and to attend the birth of his daughter to Melissa Reese. The probation officer denied Ramos' request to go to the dentist. Following a negotiated guilty plea, the court convicted Ramos of residential burglary and sentenced him to a term of four years in the Department of Corrections. The court denied Ramos' request that he be given sentence credit for the 168 days of home detention. When his motion to withdraw his plea of guilty was denied, he brought this appeal, arguing that the trial court erred in denying his request for sentence credit for the period of his home detention.

■■ ■ Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1001—1—1 *et seq.*) provides that an offender shall be given sentence credit for time spent in custody as a result of an offense for which the offender received a term of imprisonment. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b).) The issue Ramos raises in this case is whether his detention at home amounted to being "in custody" within the meaning of section 5—8—7(b) such that he is entitled to sentence credit for that time. Faced with a similar issue, the supreme court of Illinois concluded that "custody" does not include the period of time during which a defendant is released on bail. (*People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 94, 316 N.E.2d 769, 771.) While the court indicated that "custody" is predicated upon a defendant's "confinement," the court did not say that a defendant's "confinement" had to be imposed through a penal institution. Thus, assuming that the court left open the question of whether something less than imprisonment would suffice for "custody," defendants in several cases after *Sielaff* have argued that the restrictive nature of their individual releases amounts to "confinement" such as to entitle them to sentencing credit. See, *e.g., People v. Thompson* (1988), 174 Ill. App. 3d 496, 528 N.E.2d 1016; *People v. Tillery* (1986), 141 Ill. App. 3d 610, 490 N.E.2d 967; *People v. Willer* (1985), 132 Ill. App. 3d 63, 476 N.E.2d 1385; *People v. Freeman* (1981), 95 Ill. App. 3d 297, 420 N.E.2d 163.

In *Freeman*, for example, the defendant, whose probation had been revoked, appealed from a judgment denying her sentence credit for the period during which she resided in a drug rehabilitation facility. The court noted that the rehabilitation program was voluntary, that post-orientation residents were free to come and go as they chose while new residents were permitted to leave if accompanied by another resident, that the doors to the facility were never locked, and that the residents were never physically restrained. (95 Ill. App. 3d at

299-300, 420 N.E.2d at 165.) Reasoning that her "limitations appeared less burdensome than those of a student subject to the compulsory school attendance law," the court concluded that the defendant was not in custody for purposes of sentence credit. 95 Ill. App. 3d at 300, 420 N.E.2d at 166.

In *Tillery*, the defendant, convicted for an alcohol-related offense, appealed from a judgment denying him sentence credit for time spent in a residential treatment center for alcoholics which was a condition of his bond pending trial. At the facility, the defendant was closely supervised but was permitted to work three mornings a week at a nearby State hospital. Additionally, the defendant was permitted to spend 15 minutes each day to go to a nearby store. Reasoning that the defendant was in a facility less restrictive than that of the defendant in *Freeman*, the court concluded that the defendant was not in custody for purposes of sentencing credit. *Tillery*, 141 Ill. App. 3d at 614, 490 N.E.2d at 970.

In *Willer*, the defendant, charged with indecent liberties with a child, procured a bond modification permitting him to be released from jail and confined to a hotel which was apart from his spouse and stepchildren and only three blocks from his place of employment. The "no-contact" provisions of his work release bond were continued, and he was permitted to leave the hotel only for employment or medical reasons. Following his conviction and sentencing, the defendant sought to have the 68 days of hotel confinement credited to his sentence. The trial court denied his request, and he appealed. Affirming the judgment of the trial court, the appellate court concluded that, notwithstanding the defendant's having been restricted, his hotel detention could not be equated with custody or confinement for purposes of sentencing credit under section 5—8—7(b). *Willer*, 132 Ill. App. 3d at 70, 476 N.E.2d at 1390.

In *Thompson*, the defendant appealed from a judgment denying him sentence credit for the period in which he was under an electronic monitoring program on a recognizance bond. The court indicated that the defendant was to follow the rules and regulations of the monitoring program, but it did not explain either the nature of those rules or whether the defendant violated any of the rules. The court also did not discuss the motivation for electronic monitoring to serve as a substitute for imprisonment. Rather, the appellate court simply noted the trial court's finding that during the monitoring period the defendant went to a hospital, the doctor's office, his attorney's office, the employment office, the Public Aid office, job hunting, work, the store, his girlfriend's house, a friend's house, a fireworks

display, out with friends, driving around with a friend and drinking beer. (*Thompson*, 174 Ill. App. 3d at 498-99, 528 N.E.2d at 1017.) Then, reasoning that the defendant "was out of touch with the monitoring system and free to go where he chose," the court concluded that he was not in custody for purposes of sentence credit. 174 Ill. App. 3d at 500, 528 N.E.2d at 1018.

■ Notwithstanding these holdings, the defendant argues that in terms of degree of restriction, he was more confined than the defendants in *Freeman, Tillery, Willer,* and *Thompson* and that he is, therefore, entitled to credit. We agree. Unlike the defendants in the above-cited cases, Ramos was permitted to leave his confinement only with the consent of the court or his probation officer. The three times that he was actually permitted to leave were occasions of necessity and not of convenience. Moreover, Ramos was not permitted to work or to attend school. Though it may not have amounted to imprisonment, Ramos' home detention was not far from it. We conclude, therefore, that during his home detention the defendant was in custody for purposes of sentence credit, and the circuit court erred in holding otherwise. Accordingly, we reverse the judgment of the circuit court of Rock Island County.

Reversed.

WOMBACHER, P.J., concurs.

JUSTICE SCOTT, dissenting:

I disagree with and dissent from the result and reasoning contained in the majority opinion. The majority cites cases where the reviewing courts have considered what constitutes "custody," which would give to a defendant credit against the sentence imposed upon the defendant. None of the cited cases determined that the confinement of the defendant, while on bail, was of such a restrictive nature as to constitute the custody requirement set forth in section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1001—1—1 *et seq.*).

Granting that in the instant case the defendant's confinement was restrictive, I deem it material that the confinement was in his home. Confinement in one's own home is a far cry from institutional confinement. I am sure that the defendant was grateful that, pending disposition of his case, he would remain in the privacy and I presume comfort of his home rather than be regimented by the rules and regulations of a penal institution.

To my knowledge, there are no Illinois cases determinative of the issue presented in this appeal. However, I find it difficult to conclude that it was the intent of our legislature to give credit against a later sentence for time spent at home while on bail.