(No. 68701.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DANIEL R. RAMOS, Appellee.

*Opinion filed September 26, 1990.*

Neil F. Hartigan, Attorney General, of Springfield, and Marshall E. Douglas, State's Attorney, of Rock Island (Robert J. Ruiz, Solicitor General, Terence M. Madsen and Michael J. Ditore, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, John X. Breslin and Gary F. Gnidovec, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Stephen Omolecki, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, and Shari D. Goggin-Ward, of Urbana, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Defendant, Daniel R. Ramos, pleaded guilty in the circuit court of Rock Island County to the offense of residential burglary and was sentenced to four years' imprisonment. Following his arrest on that charge, defendant had been released from custody on a $50,000 recognizance bond with home detention a condition of the bond. In imposing sentence, the trial judge denied defendant's request, made pursuant to section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b)), that he be granted credit for the period of home detention and that the length of the prison term be reduced accordingly. The appellate court reversed the circuit court's judgment, holding that defendant was entitled to credit under the statute. (181 Ill. App. 3d 1062.) We allowed the State's petition for leave to appeal (107 Ill. 2d R. 315(a)).

By complaint filed November 12, 1987, defendant was charged with the offenses of residential burglary and theft (Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(d)(1), 19—3). Defendant's pretrial motion for bail was granted, and he was released from custody on November 17, 1987,

under a $50,000 recognizance bond. As a condition of the bond, defendant, who was then 17 years old, was to remain in the home of his mother and stepfather; defendant was not to leave the residence unless he first obtained permission to do so from either the court or the probation officer to whom defendant's case was assigned. During the 168-day period between defendant's release on bond and the entry of his guilty plea, defendant was allowed to leave the home on only three occasions. He was permitted to appear at his arraignment on February 4, 1988, to go to his attorney's office for a consultation on March 14, 1988, and to accompany his girlfriend to the hospital for the birth of their child on March 30, 1988. Defendant was escorted by his mother on each occasion. Defendant was not permitted to attend high school or to go to work during the period of home detention, and the probation officer denied a request that defendant be allowed to visit the dentist.

Pursuant to the parties' agreement, defendant pleaded guilty on May 3, 1988, to the offense of residential burglary and the theft charge was dismissed. The trial judge sentenced defendant to a term of four years' imprisonment. Defendant asked that his prison sentence be reduced by the 168 days he spent in home confinement following his release on bond. Defendant based that request on the provision in section 5—8—7(b) of the Unified Code of Corrections that guarantees to an offender day-for-day credit against a prison sentence "for time spent in custody as a result of the offense for which the sentence was imposed" (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b)). The trial judge denied defendant's request for sentencing credit, explaining that defendant was freed from custody once he was released on bond and that the condition of home confinement could not be equated with custody. Defendant's subsequent motion for withdrawal of his guilty plea was also denied.

The appellate court, with one justice dissenting, held that section 5—8—7(b) did entitle defendant to have the period of home detention credited against his prison term. (181 Ill. App. 3d 1062.) Believing that our earlier decision in *People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, had left unresolved the question whether credit is required in the circumstances here, the appellate court compared the bond conditions imposed on defendant with the restrictions imposed in several cases where credit was denied. See *People v. Thompson* (1988), 174 Ill. App. 3d 496 (condition of bond that defendant remain at home subject to electronic monitoring, but defendant was beyond range of monitoring system on numerous occasions and therefore free to go where he chose); *People v. Tillery* (1986), 141 Ill. App. 3d 610 (condition of bond that defendant remain in residential treatment center with leave for employment and daily 15-minute shopping trip); *People v. Willer* (1985), 132 Ill. App. 3d 63 (condition of bond that defendant remain in hotel, with leave for employment, counseling, and medical purposes); see also *People v. Freeman* (1981), 95 Ill. App. 3d 297 (condition of probation that defendant participate in residential drug treatment program, where, after orientation period, residents were free to leave facility unescorted, residents were not physically restrained, and doors to facility were never locked).

In the appellate court's view, the bond conditions imposed in the present case were more restrictive than the conditions imposed in *Thompson, Tillery, Willer,* and *Freeman.* The appellate court specifically noted that defendant was permitted to leave home only with the prior consent of the trial court or probation officer, that the few occasions on which defendant was allowed to leave the residence were instances in which his presence elsewhere was required, and that defendant was not permitted to work or to attend school during his period of

detention. The appellate court concluded that defendant's home confinement amounted to custody within the meaning of section 5—8—7(b), and the court therefore held that defendant was entitled to credit for the 168-day period of home detention. The dissenting justice would have denied defendant's request for credit. Stating that "[c]onfinement in one's own home is a far cry from institutional confinement," the dissenting justice did not believe that the legislature had intended to allow a sentencing credit in such circumstances. 181 Ill. App. 3d at 1065 (Scott, J., dissenting).

Section 5—8—7 of the Unified Code of Corrections governs the calculation of terms of imprisonment. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7.) The provision at issue here is section 5—8—7(b), which states:

"The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed, at the rate specified in Section 3—6—3 of this Code." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b).)

Under the applicable rate, a defendant is to receive one day of credit for each day previously served in custody. The question before us is whether the period spent by defendant in home confinement following his release on bond was "time spent in custody" for purposes of section 5—8—7(b).

The State contends that the phrase "time spent in custody," as used in section 5—8—7(b), does not include the period of time during which a defendant is released on bond, regardless of the restrictions that might be imposed as conditions of release. Relying on this court's decision in *People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, the State argues that the legislature intended in section 5—8—7(b) to distinguish institutional custody from release on bond and to allow sentencing credit for

only the former. The State maintains that defendant was released from institutional custody when he was admitted to bond and that home detention was merely a condition of release and did not constitute custody within the meaning of the statute. We agree.

In *Morrison* this court considered a similar request for sentencing credit under section 5—8—7(b). There, an inmate sought a writ of *mandamus* to compel the Director of Corrections to reduce his prison term by the five-month period during which he was released on bail prior to his conviction and incarceration. This court denied the inmate's request, ruling that the period of pretrial release was not "time spent in custody" within the contemplation of section 5—8—7(b). In addressing the inmate's claim, the court acknowledged that the term "custody" has been used in various contexts to denote both confinement in a penal institution (see *People v. Anderson* (1973), 53 Ill. 2d 437, 442 (speedy trial)) and time spent outside an institution (see *People ex rel. Johnson v. Pate* (1970), 47 Ill. 2d 172, 174 (parole)). The court believed, however, that for purposes of section 5—8—7(b) the inmate's pretrial release on bond was not "custody" within the meaning of the statute.

The *Morrison* court first looked to several companion measures found in the sentencing provisions of the Unified Code of Corrections. The court noted that in those instances the term "custody" refers to confinement in a penal institution (see Ill. Rev. Stat. 1973, ch. 38, pars. 1005—8—5, 1005—8—6(b), (e) (offender sentenced to term of imprisonment is to be committed to "custody" of appropriate authority)). The court also examined the bail provisions of the Code of Criminal Procedure of 1963 and found that "the terms 'custody' and 'bail' are not used synonymously." (*Morrison*, 58 Ill. 2d at 94.) In those provisions, the legislature has defined the term "bail" as the security necessary "for the release of a

person in custody in order that he will appear before the court in which his appearance may be required and that he will comply with such conditions as set forth in the bail bond." (Ill. Rev. Stat. 1973, ch. 38, par. 102—6.) In addition, section 110—7(b) provides that, upon posting bail, a defendant "shall be released from custody subject to the conditions of the bail bond" (Ill. Rev. Stat. 1973, ch. 38, par. 110—7(b)).

*Morrison* concluded that the term "custody," as it is used in the credit-against-sentence provision of section 5—8—7(b), "does not include the period of time during which the defendant was released on bail but is predicated upon his confinement." (*Morrison*, 58 Ill. 2d at 94.) Although the court did not expressly declare that custody in this context is limited to confinement in a penal institution, it is evident from the opinion's references to the other statutory provisions that such a limitation was intended by the court.

This court considered related issues in *People v. Scheib* (1979), 76 Ill. 2d 244. In that case the court compared the credit-against-sentence provision of section 5—8—7(b) with section 5—6—4(h) of the Unified Code of Corrections; the latter statute permits, but does not require, a court to grant credit against a prison term for time previously served by a defendant on probation, conditional discharge, or supervision. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(h).) The court reaffirmed its ruling in *Morrison* that in section 5—8—7(b) "the legislature intended to distinguish between confinement and lesser forms of restraint for the purposes of applying credit." (*Scheib*, 76 Ill. 2d at 251.) *Scheib* noted that section 5—6—4(h), unlike section 5—8—7(b), "does not refer to time spent in confinement," and the court explained that section 5—6—4(h) "encompasses three specific forms of restraint—probation, conditional discharge and supervision—each a lesser restraint on freedom than con-

finement." (*Scheib*, 76 Ill. 2d at 251.) The court concluded that the mandatory credit provision of section 5—8—7(b) governs if the period of time for which credit is sought "was served in confinement," and that section 5—6—4(h) applies "whenever the time was served unconfined on probation, conditional discharge or supervision." (*Scheib*, 76 Ill. 2d at 251.) As in *Morrison*, the court in *Scheib* did not expressly state that section 5—8—7(b) is available only in instances of institutional confinement. From the court's comparison of "confinement" with the "lesser restraints" of probation, conditional discharge, and supervision, it is clear, however, that such a limitation was again intended.

Consideration of this court's decisions in *Morrison* and *Scheib* persuades us that the present defendant's period of home confinement was not "time spent in custody" within the meaning of the statute. The purpose of the credit-against-sentence provision is to ensure that defendants do not ultimately remain incarcerated for periods in excess of their eventual sentences. (*People v. Hughes* (1988), 167 Ill. App. 3d 265.) Granting credit against a sentence of imprisonment for time previously spent in institutional custody clearly serves that purpose; granting credit for time spent while released on bond, even with the restrictive conditions imposed here, does not.

Home confinement, though restrictive, differs in several important respects from confinement in a jail or prison. An offender who is detained at home is not subject to the regimentation of penal institutions and, once inside the residence, enjoys unrestricted freedom of activity, movement, and association. Furthermore, a defendant confined to his residence does not suffer the same surveillance and lack of privacy associated with becoming a member of an incarcerated population.

As this court recognized in *Morrison*, the legislature intended in section 5—8—7(b) of the Unified Code of Corrections to distinguish between defendants who are in custody and those who are released on bond, subject to the conditions of the bond. We therefore cannot conclude that the term "custody," as it is used in section 5—8—7(b), was intended to encompass the period of time during which a defendant is released on bond, regardless of the restrictions that might be imposed on him during that time.

It may be noted that section 110—10(b)(13) of the Code of Criminal Procedure of 1963, enacted after *Morrison* was decided, authorizes the trial judge to require as a condition of bond that a defendant "[r]emain in the custody of such designated person or organization agreeing to supervise his release." (Ill. Rev. Stat. 1987, ch. 38, par. 110—10(b)(13).) We do not believe, however, that the legislature's use of the term "custody" in section 110—10(b)(13) compels a different result in the present case. In our view, *Morrison* established a bright-line rule for determining the availability of credit against a sentence of imprisonment under section 5—8—7(b) of the Unified Code of Corrections, and we cannot conclude that the legislature, in using the word "custody" in section 110—10(b)(13), meant to blur the previously recognized distinction between individuals who are held in institutional confinement and those who are released on bond.

The council commentary to section 5—8—7(b), cited by defendant, is not to the contrary. The commentary states that the provision allowing credit for time served in custody "would apply irrespective of where the offender was confined and would apply to custody outside of the State." (Ill. Ann. Stat., ch. 38, par. 1005—8—7, Council Commentary, at 224 (Smith-Hurd 1982).) In our view, the commentary simply acknowledges that the

statute grants to an offender credit for time previously spent in custody regardless of the location or designation of the penal facility in which he was held.

Nor do we agree with defendant that because credit against a sentence of imprisonment has been allowed in other cases for time previously served on probation or periodic imprisonment, and under conditions less restrictive than those imposed here, "fundamental fairness" demands that he receive credit for his period of home confinement. In the cases cited by defendant, credit was allowed under statutes other than the provision at issue here. (See *People v. Hills* (1980), 78 Ill. 2d 500; *People v. Floyd* (1986), 151 Ill. App. 3d 701.) As *Hills* and *Floyd* demonstrate, when an offender has served time on probation or in periodic imprisonment, he may receive credit against a subsequent sentence of imprisonment not because he was "in custody," as that phrase is used in section 5—8—7(b), but because the legislature, in the case of probation, has expressly authorized the allowance of such credit and, in the case of periodic imprisonment, has expressly required the allowance of such credit. See Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—4(h), 1005—7—1(d), 1005—7—2(c).

We are aware that when the credit-against-sentence provision of section 5—8—7(b) was enacted in 1973, the bond conditions established by the legislature were mandatory and required only that the person admitted to bail appear in court to answer to the charge against him, submit himself to the orders and process of the court, not depart from the State without leave of the court, and comply with any other reasonable conditions the court may impose. (Ill. Rev. Stat. 1973, ch. 38, par. 110—10.) Over the years, various conditions have been added to that list. Effective January 1, 1989, the legislature expressly authorized, as a condition of bond, imposition of home confinement "with or without the use of an

162

approved monitoring device." (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 110—10(b)(14).) We do not discern an intent by the legislature, however, to expand the circumstances in which a defendant is entitled to receive credit under section 5—8—7(b).

Because we believe that the legislature did not intend the term "custody" to apply to the period of time during which a defendant is released on bail, we hold that defendant is not entitled to sentencing credit under section 5—8—7(b) of the Unified Code of Corrections for his period of pretrial home confinement.

For the foregoing reasons, the judgment of the appellate court is reversed, and the judgment of the circuit court of Rock Island County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*