THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD E. DENNING, Defendant-Appellant.

Third District   No. 3—90—0131

Opinion filed October 24, 1990.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary Spencer, State's Attorney, of Morrison (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

Following a guilty plea, the defendant, Donald E. Denning, was convicted of perjury (Ill. Rev. Stat. 1989, ch. 38, par. 32—2(a)) and sentenced to 30 months' probation. The defendant's probation was subsequently revoked, and the trial court sentenced him to three years' imprisonment. The defendant appeals. We affirm.

The record reveals that as a condition of the defendant's probation, he was ordered to serve six months in home detention. Under the conditions of his confinement, he was not allowed to be absent from his home for any reason other than medical treatment or for

purposes of purchasing groceries or other necessities. The defendant was to receive the same good-time credit for home detention he would have received for incarceration in the county jail.

A petition to revoke the defendant's probation was subsequently filed. Following a hearing, the trial court granted the petition and extended the defendant's probation an additional 30 months, conditioned upon his serving 60 days in the county jail.

The record further reveals that four separate revocation petitions were filed within a period of two years. The trial court ultimately sentenced the defendant to three years' imprisonment, with credit for the time he had spent in custody. However, the defendant was not given credit for the time he had spent in home detention. The defendant argues on appeal that he is entitled to 91 days of additional credit for that time.

■■ ■ A similar issue was recently addressed by the Illinois Supreme Court in *People v. Ramos* (1990), 138 Ill. 2d 152. In *Ramos*, the defendant was placed under a home detention bond and was not allowed to leave his home without the prior consent of his probation officer or the court. The supreme court held that the term "custody" as used in section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—7(b)), which deals with sentencing credit, was not intended to encompass the period during which a defendant is released on bond, regardless of the restrictions imposed on him during that time. The court reasoned that home confinement differed in several respects from confinement in a jail or prison. In particular, it noted that an offender detained at home is not subject to the regimentation of penal institutions and, once inside the residence, enjoys unrestricted freedom of activity, movement, and association.

While we note that here the defendant's home confinement was a condition of his probation and not part of a trial bond, we find this distinction meaningless. In light of the supreme court's decision in *Ramos*, we find that the defendant is not entitled to an additional 91 days' credit for the time he served in home confinement.

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.