[No. 13340-7-II.    Division Two.    September 18, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. TROY D. SPEAKS, *Appellant*.

*Thomas E. Doyle* and *Robert M. Quillian,* for appellant (appointed counsel for appeal).

*Gary P. Burleson, Prosecuting Attorney,* and *Victoria C. Meadows, Deputy,* for respondent.

MORGAN, J. — Troy D. Speaks appeals from an order denying his postconviction motion for credit for presentence time served at home under electronic monitoring. We affirm.

The defendant was charged with first degree child molestation. At his arraignment, he requested pretrial release, arguing that he was in danger of losing his job. The trial court authorized his release upon several conditions. One was that he subject himself to electronic monitoring by wearing an unobtrusive ankle bracelet beneath his clothing. Another was that he remain at his mother's house at all times, except when at work, when traveling directly to and from work, when seeing his attorney, and when keeping appointments for evaluation and counseling.

The defendant ultimately pleaded guilty to the crime charged and received an exceptional sentence.[1] He then moved for an order awarding him credit for presentence time served at home. The court denied the motion and this appeal followed.

---

[1] The exceptional sentence is not challenged.

The defendant contends that he should have received credit for 157 days spent under electronic monitoring. He compares his presentence restrictions to jail confinement and argues that the failure to award credit constitutes a violation of the due process clause and the double jeopardy prohibition against multiple punishments.

The contention fails. The rationale for awarding pretrial credit is that the defendant has served part of his sentence before trial. If credit were not given, he would in essence be required to serve a greater sentence than that ultimately imposed by the court, and a greater sentence than others able to obtain release pending sentencing, in possible violation of due process and equal protection of the laws. *Reanier v. Smith*, 83 Wn.2d 342, 346-47, 517 P.2d 949 (1974).

This rationale does not apply here. Home detention cannot be part of the sentence of a sex offender, RCW 9.94A.030(35), and it was not part of the sentence in this case. When the defendant was on home detention prior to sentencing, he was not serving any part of his sentence, and he was not accumulating time for which he would later be entitled to credit.

Even if home detention had later been made part of the sentence, the court would not have been required to credit it. A defendant held in jail prior to sentencing is entitled to credit against his or her maximum, mandatory minimum and discretionary minimum sentences. *Reanier v. Smith*, 83 Wn.2d at 346-47 (maximum and mandatory minimum sentences); *State v. Phelan*, 100 Wn.2d 508, 517, 671 P.2d 1212 (1983) (discretionary minimum sentence). A defendant is not, however, entitled to credit for probation time served prior to the imposition of sentence. *In re Phelan*, 97 Wn.2d 590, 598, 647 P.2d 1026 (1982); *State v. Hultman*, 92 Wn.2d 736, 742-43, 600 P.2d 1291 (1979).[2] Home detention is more

---

[2]*Hultman* was superseded on other grounds by a 1982 amendment to RCW 9.95.230. Laws of 1982, 1st Ex. Sess., ch. 47, § 11; *State v. Alberts*, 51 Wn. App. 450, 452, 754 P.2d 128, *review denied*, 111 Wn.2d 1006 (1988).

8

analogous to probation than to jail time, and as a result it need not be credited against the sentence ultimately imposed.

Affirmed.

PETRICH, A.C.J., and ALEXANDER, J., concur.

Review granted at 118 Wn.2d 1008 (1992).