STATE OF NEBRASKA, APPELLEE, V. DANIEL MURATELLA, APPELLANT.

483 N.W.2d 128

Filed April 23, 1992.   No. S-91-133.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

On June 20, 1989, defendant-appellant, Daniel Muratella, pled guilty in the district court for Lancaster County to possession of cocaine, a Class IV felony. He was placed on probation for 3 years. The probation included a requirement of 6 months' electronic monitoring, beginning August 7, 1989. Defendant violated the electronic monitoring requirement by leaving his residence for something other than an employment purpose. On April 30, 1990, defendant pled guilty to the violation, and he was reprimanded by the trial court, but his probation was continued.

On June 1, 1990, defendant again violated probation by consuming or possessing alcohol, as shown by defendant's arrest for driving while intoxicated. On October 24, 1990, defendant pled guilty to the violation of probation. On January 23, 1991, defendant's probation was revoked, and he was sentenced to 18 months to 3 years, with credit given for 167 days that defendant spent in county jail prior to his plea on the underlying possession charge.

The defendant was not given credit for the 6 months spent while he was on probation, subject to electronic monitoring. He appeals, assigning as error the excessiveness of the sentence and the district court's refusal to "grant the defendant credit for all time served in custody prior to the imposition of his sentence for the reason that the court failed to grant the defendant credit for six months spent subject to electronic monitoring as a term of the court's original order of probation." We affirm.

The use of electronic monitoring as a condition of probation is now authorized by Neb. Rev. Stat. § 29-2262 (Cum. Supp. 1990). The statute requiring sentencing credit, Neb. Rev. Stat. § 83-1,106(1) (Cum. Supp. 1990), states:

> Credit against the maximum term and any minimum term shall be given to an offender for time spent *in custody* as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but

shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services.

(Emphasis supplied.)

Whether to grant sentencing credit for time spent in home detention, subject to electronic monitoring as a condition of probation, has not previously been decided in this state. The legislative history provides no guidance.

The Illinois Supreme Court determined that a defendant is not entitled to credit for time spent on home detention as a condition of his release on bond. *People v. Ramos*, 138 Ill. 2d 152, 561 N.E.2d 643 (1990). The Illinois statute, like Nebraska's, gives credit for time spent in custody as a result of the offense for which the sentence was imposed. In *Ramos*, the court stated:

> The purpose of the credit-against-sentence provision is to ensure that defendants do not ultimately remain incarcerated for periods in excess of their eventual sentences. . . .
>
> Home confinement, though restrictive, differs in several important respects from confinement in a jail or prison. An offender who is detained at home is not subject to the regimentation of penal institutions and, once inside the residence, enjoys unrestricted freedom of activity, movement, and association. Furthermore, a defendant confined to his residence does not suffer the same surveillance and lack of privacy associated with becoming a member of an incarcerated population.

*Ramos*, 138 Ill. 2d at 159, 561 N.E.2d at 647.

An Illinois appellate court has interpreted *Ramos* to apply to home detention that is served as a condition of probation, as well as to home detention while released on bail. *People v. Denning*, 204 Ill. App. 3d 720, 562 N.E.2d 354 (1990). In discussing *Ramos*, that court stated:

> The court reasoned that home confinement differed in several respects from confinement in a jail or prison. In particular, it noted that an offender detained at home is not subject to the regimentation of penal institutions and, once inside the residence, enjoys unrestricted freedom of

activity, movement, and association.

While we note that here the defendant's home confinement was a condition of his probation and not part of a trial bond, we find this distinction meaningless. *Denning*, 204 Ill. App. 3d at 721, 562 N.E.2d at 354-55.

A similar result was reached by a California appeals court in *People v. Reinertson*, 178 Cal. App. 3d 320, 223 Cal. Rptr. 670 (1986), which is particularly interesting in that California gives credit for time spent on probation in drug rehabilitation programs, halfway houses, and other such programs. In *Reinertson*, the court refused to give credit for time spent on home detention as a condition of probation when that probation was later revoked. See, also, *State v. Speaks*, 63 Wash. App. 5, 816 P.2d 95 (1991); *State v. Reynolds*, 168 Ariz. 580, 816 P.2d 237 (Ariz. App. 1991).

Being confined to one's home, subject to electronic monitoring, with the freedom to engage in employment and probation-related activities, is far less onerous than being imprisoned. We hold that home detention on probation, subject to electronic monitoring, is insufficiently restrictive to constitute "custody" for purposes of granting sentencing credit under § 83-1,106(1). Defendant's assignment of error in this regard is without merit.

Defendant's claim that his sentence of 18 months to 3 years was excessive is also without merit. Defendant was convicted of possession of a controlled substance, a Class IV felony. Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1986). Class IV felonies are punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both, with no stated minimum punishment. Neb. Rev. Stat. § 28-105(1) (Reissue 1985).

A sentence imposed within the statutory limits will not be set aside as excessive absent an abuse of discretion by the trial court. *State v. Brandon, ante* p. 232, 481 N.W.2d 207 (1992); *State v. Wounded Arrow, ante* p. 44, 480 N.W.2d 205 (1992). Considering the seriousness of defendant's crime, his past record, and his repeated refusal to abide by the conditions of his probation, we find that his sentence was not an abuse of the trial court's discretion and was not excessive.

AFFIRMED.

FAHRNBRUCH, J., not participating.