STATE OF NEBRASKA, APPELLEE, V. LEONARD J. JORDAN, APPELLANT.
485 N.W.2d 198

Filed June 19, 1992. No. S-91-372.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In his solitary assignment of error, Leonard J. Jordan complains that in the sentence imposed after Jordan's violation of probation, the court failed to credit Jordan with the period of electronic monitoring prescribed as a part of Jordan's previous sentence to probation.

On August 14, 1990, Jordan, on his plea of guilty in the district court for Lancaster County, was convicted of felony theft. See Neb. Rev. Stat. §§ 28-517 and 28-518(2) (Reissue 1989). After a presentence report, the court sentenced Jordan to 3 years' probation involving intensive supervision, see Neb. Rev. Stat. §§ 29-2262.02 to 29-2262.05 (Cum. Supp. 1990), including 90 days of electronic monitoring, see Neb. Rev. Stat. § 29-2262 (Cum. Supp. 1990). Apparently, the electronic monitoring device, installed in Jordan's residence, enabled the probation officer to ascertain whether Jordan was at home at a particular time. Apart from the requirement of electronic monitoring, the probation order for Jordan contained relatively standard provisions, such as Jordan's refraining from unlawful conduct, obtaining employment, residing within Lancaster County, and reporting to his probation officer.

Jordan successfully completed the 90-day period of electronic monitoring.

On December 3, 1990, the State moved for revocation of Jordan's probation and alleged that Jordan violated a condition of his probation by possessing marijuana. Represented by

counsel at the hearing for revocation of probation, Jordan waived an evidentiary hearing and admitted that he violated probation by his possession of marijuana. After accepting Jordan's admission of the probation violation, the court revoked Jordan's probation and ordered a presentence report. At the sentence hearing, the court rejected Jordan's request that he be given credit for the 90 days during which Jordan was subjected to electronic monitoring and sentenced Jordan to imprisonment for 1 to 2 years.

Sentencing credit for a defendant's time in custody is required by Neb. Rev. Stat. § 83-1,106(1) (Cum. Supp. 1990):

> Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services.

As a result of § 83-1,106(1), the "in custody" credit against a sentence eventually imposed on a defendant insures that the defendant is not incarcerated longer than the maximum period of incarceration statutorily prescribed as punishment for a particular offense. See, *State v. Heckman*, 239 Neb. 25, 473 N.W.2d 416 (1991); *State v. Lynch*, 215 Neb. 528, 340 N.W.2d 128 (1983); *People v. Ramos*, 138 Ill. 2d 152, 561 N.E.2d 643 (1990); *Reanier v. Smith*, 83 Wash. 2d 342, 517 P.2d 949 (1974).

Jordan contends that electronic monitoring is equivalent to being "in custody" for purposes of § 83-1,106(1), and therefore, he is entitled to credit for the 90 days of electronic monitoring imposed and completed under the probation order.

In *State v. Muratella, ante* p. 567, 570, 483 N.W.2d 128, 130 (1992), issued on April 23, 1992, we stated that "home detention on probation, subject to electronic monitoring, is insufficiently restrictive to constitute 'custody' for purposes of granting sentencing credit under § 83-1,106(1)." Also in reference to § 83-1,106(1), we have stated that jail time for the purposes of sentencing credit " 'is commonly understood to be

the time an accused spends in detention pending trial and sentencing.' " *State v. Vrtiska*, 227 Neb. 600, 609, 418 N.W.2d 758, 764 (1988). Accord *State v. Heckman, supra.*

Thus, remaining after *Muratella* is the question: What is the meaning of "in custody" for the purpose of § 83-1,106(1)? That question is raised in Jordan's appeal, since the phrase "in custody" is undefined in § 83-1,106(1).

"When statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning so that, in the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning." *State v. Crowdell*, 234 Neb. 469, 473-74, 451 N.W.2d 695, 699 (1990). " '[A] statute should be construed so that an ordinary person reading it would get from it the usual, accepted meaning.' " *State v. Carlson*, 223 Neb. 874, 876, 394 N.W.2d 669, 671 (1986).

"Custody" is defined in Webster's Third New International Dictionary, Unabridged 559 (1981) as: "judicial or penal safekeeping : control of a thing or person with such actual or constructive possession as fulfills the purpose of the law or duty requiring it : imprisonment or durance of persons or charge of things." See, also, *State v. Gilbert*, 115 Wis. 2d 371, 340 N.W.2d 511 (1983). "Custody" in a sentencing credit statute "is limited to confinement in a penal institution." *People v. Ramos*, 138 Ill. 2d at 158, 561 N.E.2d at 646. "[T]he concept of custody generally connotes a facility rather than a home. It includes some aspect of regulation of behavior. It also includes supervision in a structured life style." *People v. Reinertson*, 178 Cal. App. 3d 320, 327, 223 Cal. Rptr. 670, 674 (1986).

Distinguishing "in custody" from "home confinement," the court in *People v. Ramos*, 138 Ill. 2d at 159, 561 N.E.2d at 647, noted:

Home confinement, though restrictive, differs in several important respects from confinement in a jail or prison. An offender who is detained at home is not subject to the regimentation of penal institutions and, once inside the residence, enjoys unrestricted freedom of activity, movement, and association. Furthermore, a defendant confined to his residence does not suffer the same

surveillance and lack of privacy associated with becoming a member of an incarcerated population.

See, also, *State v. Speaks*, 63 Wash. App. 5, 816 P.2d 95 (1991) (home detention is not equivalent to jail time as a credit against sentence imposed); *People v. Gordon*, 207 Ill. App. 3d 352, 566 N.E.2d 23 (1991) (home detention is not time spent "in custody" relative to sentencing credit); *State v. Pettis*, 149 Wis. 2d 207, 441 N.W.2d 247 (1989) (defendant was not "in custody" during home detention, because there was no judicially imposed physical restraint or control); *People v. Reinertson, supra* (home detention, as a condition of probation, does not constitute "in custody" for sentencing credit). But see, *Grant v. State*, 99 Nev. 149, 659 P.2d 878 (1983) (restraints on liberty in a residential drug treatment program substantially equivalent to incarceration may warrant sentencing credit); *In re McPhee*, 141 Vt. 4, 442 A.2d 1285 (1982) (sentencing credit properly granted for time spent in a residential alcohol treatment facility where supervision and restrictions on defendant's liberty were equivalent to incarceration); *Lock v. State*, 609 P.2d 539 (Alaska 1980) (sentencing credit for time spent in residential rehabilitation program which imposes substantial restrictions on movement and behavior); *Maus v. State*, 311 Md. 85, 532 A.2d 1066 (1987) (sentencing credit for time spent in drug treatment center is within trial court's discretion, but credit should be granted when restrictions imposed on a defendant during confinement are similar to incarceration); *State v. Reyes*, 207 N.J. Super. 126, 504 A.2d 43 (1986) (sentencing credit will be granted when a program is so confining as to be substantially equivalent to custody in jail or in a state hospital).

Consequently, we hold, for the purpose of § 83-1,106(1), "in custody" means judicially imposed physical confinement in a governmental facility authorized for detention, control, or supervision of a defendant before, during, or after a trial on a criminal charge. When the preceding definition for "in custody" is applied in Jordan's case, Jordan was not in custody as a result of the probation imposed, because he was not physically confined in a governmental facility pursuant to court order and, moreover, was at liberty to leave his residence and engage in many unrestricted activities consistent with the terms

of his probation. With the exception of occasional instances when Jordan's residential presence was required for verification by electronic monitoring, Jordan had virtually unrestricted mobility in society. Persons "in custody" usually do not enjoy such mobility and freedom of activity or association. Consequently, the time spent under electronic monitoring conducted through Jordan's residence does not qualify as time "in custody" for the purpose of sentencing credit required under § 83-1,106(1). For that reason, the district court's judgment is affirmed.

AFFIRMED.