BILLY TYLER, APPELLANT, V. NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, APPELLEE.

701 N.W.2d 847

Filed August 16, 2005. No. A-04-1418.

Billy Tyler, pro se.

No appearance for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

This matter comes before the court on Billy Tyler's motion for summary reversal. For the reasons that (1) summary reversal pursuant to Neb. Ct. R. of Prac. 7C (rev. 2001) is not proper in this case because there is no stipulation of the parties, (2) Tyler is incarcerated and has waived oral argument, and (3) Nebraska's Department of Correctional Services (Department) declined to file a brief, precluding it from presenting oral argument, we order this case submitted without oral argument pursuant to this court's authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2000). After considering the merits of this case, we conclude that the trial court erred in denying Tyler's motion to proceed in forma pauperis on the ground that his proposed complaint is frivolous.

## BACKGROUND

On November 22, 2004, Tyler filed a pleading entitled "Declaratory Judgement Action Motion to Proceed In Forma Pauperis." Therein, he alleged that his 10-year sentence commenced to run in November 1995 and that after serving 7 years 8 months of his sentence, he was released on bail for 1 year 3 months 27 days pursuant to a successful habeas action. The Department appealed that decision and prevailed. Tyler also alleged in his pleading that because the Department claimed Tyler never left the system and was not subject to reclassification, he was immediately put in disciplinary segregation (where he was prior to release) upon being returned to the Nebraska State Penitentiary rather than being taken to the Diagnostic and

Evaluation Center (D&E) for reclassification into the prison system. The pleading further alleged that any mistakes or miscalculations were attributable to the court that "ordered [Tyler] released conditionally in constructive custody on bail and to [the Department's] appealing necessitating [Tyler] to post bail." Tyler requested the court to declare (1) that his sentence expires in 2005; (2) that such sentence has run continuously and uninterrupted since its imposition; (3) that he should have been taken to D&E upon his return to prison; (4) that his release under the circumstances set forth above did not toll the running of his sentence; (5) that the Department did not have the power to toll the running of the sentence; (6) that under the circumstances, Tyler's bail was tantamount to parole or work release and his sentence thus continued to run; and (7) that a proper reclassification at D&E would require that he "be classified work release or house arrest." Tyler attached to his pleading a poverty affidavit and requested that he be allowed to proceed in forma pauperis.

On November 24, 2004, the district court filed an order denying leave to proceed in forma pauperis, on the basis that Tyler's complaint for declaratory judgment was frivolous. The court stated that "[t]ime on bond is not time in custody" and that when Tyler was returned to custody to complete his sentence, he had no statutory or constitutional right to be reclassified. Tyler timely filed a notice of appeal.

## ASSIGNMENT OF ERROR
Tyler asserts that the district court erred in denying the relief he sought.

## STANDARD OF REVIEW
■ A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Cum. Supp. 2004) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. § 25-2301.02(2); *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004).

## ANALYSIS
■ The district court denied Tyler's motion to proceed in forma pauperis for the reason that his action for declaratory

judgment was frivolous. A frivolous legal position pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Cole v. Blum,* 262 Neb. 1058, 637 N.W.2d 606 (2002). Citing no case law in support of its decision, the district court stated, "Time on bond is not time in custody."

■ If Tyler's claim concerned custody prior to sentencing, the district court clearly would be correct. In *State v. Jordan,* 240 Neb. 919, 485 N.W.2d 198 (1992), the trial court sentenced the defendant to 3 years' probation involving intensive supervision, which included a 90-day period of electronic monitoring. The defendant completed the 90-day period of electronic monitoring prior to his probation's being revoked. At the sentencing hearing, the court rejected the defendant's request that he be given credit for the 90-day period of electronic monitoring and sentenced him to imprisonment for 1 to 2 years. The Nebraska Supreme Court examined the meaning under Neb. Rev. Stat. § 83-1,106(1) (Reissue 1999) of "in custody" for purposes of determining credit against a sentence and held that " 'in custody' means judicially imposed physical confinement in a governmental facility authorized for detention, control, or supervision of a defendant before, during, or after a trial on a criminal charge." 240 Neb. at 923, 485 N.W.2d at 201. Certainly, if the issue concerned custody prior to sentencing, *Jordan* would support the district court's order, because Tyler's time on bond would not be time spent in physical confinement in a governmental facility authorized for detention, control, or supervision of a defendant. However, *Jordan* is distinguishable in the sense that the 90-day period of electronic monitoring was served before the subsequent sentence of imprisonment was even imposed, whereas in the instant case, Tyler began serving his sentence of imprisonment before his conditional release on bond.

■ We think the interruption of the serving of a sentence represents a key distinction. The Nebraska Supreme Court has held that it is error for a trial court, when imposing a straight jail sentence, to permit or require a defendant to serve his or her sentence intermittently. See *State v. Texel,* 230 Neb. 810, 433 N.W.2d 541 (1989). This principle suggests that a sentence must run continuously from the commencement of incarceration. We

are unable to find any Nebraska statutory or case law allowing a sentence to be tolled after the prisoner has begun serving it, particularly where said sentence is not interrupted by escape or some other fault of the prisoner. In looking to case law from other jurisdictions, we observe that in the oft-cited case of *White v. Pearlman*, 42 F.2d 788, 789 (10th Cir. 1930), the Court of Appeals for the 10th Circuit stated:

> A prisoner has some rights. A sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments. . . . It is our conclusion that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty.

See, also, *Luther v. Vanyur*, 14 F. Supp. 2d 773 (E.D.N.C. 1997); *McCorvey v. State*, 675 So. 2d 81 (Ala. Crim. App. 1995). Cf. *Free v. Miles*, 333 F.3d 550 (5th Cir. 2003) (holding that prisoner was not entitled to credit on federal sentence for mistakenly serving first 6 months of federal sentence prior to completing service of state sentence and stating that sole purpose of rule against piecemeal incarceration is to prevent government from abusing its coercive power to imprison person by artificially extending duration of sentence through releases and reincarceration).

 Concerning the case before us, Tyler attempted to commence the action after the rules for notice pleading had become effective. See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004). The Nebraska Supreme Court recently stated that an appellate court reviews a district court's grant of a motion to dismiss de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005). In so reviewing, an appellate court is " ' "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." ' " *Id.* at 44, 690 N.W.2d at 578. Accord *Farm Credit Services v. American State Bank*, 339 F.3d 764 (8th Cir. 2003) (quoting *Wiles v. Capitol Indem. Corp.*, 280

F.3d 868 (8th Cir. 2002)). Complaints should be liberally construed in the plaintiff's favor. *Kellogg v. Nebraska Dept. of Corr. Servs., supra.* We recognize that we are not addressing a motion to dismiss in the instant case. Nonetheless, we believe that those principles of liberal construction would apply to the review of a denial of a motion to proceed in forma pauperis upon the ground that the complaint was frivolous.

Liberally construed, Tyler's complaint alleges that he had served over 7 years of a 10-year sentence before being released —through no fault of his own—for over a year, during which time it does not appear he violated any of the conditions of his release. Upon his return to the penitentiary, he was informed that his sentence did not continue to run during the time that he was conditionally released on bond. In reviewing the decision of the district court de novo, we conclude that the court erred in stating that Tyler's "[c]omplaint lacks any legal merit" and in deeming it to be frivolous. We emphasize that in determining that Tyler's complaint is not frivolous, we are not expressing any view concerning the ultimate merit of Tyler's claim.

## CONCLUSION

For the reasons set forth above, we reverse the decision of the district court and remand the cause with directions to grant Tyler leave to proceed in forma pauperis.

REVERSED AND REMANDED WITH DIRECTIONS.