STATE OF NEBRASKA EX REL. BILLY TYLER, APPELLANT, V.
ROBERT HOUSTON AND MIKE KENNEY, APPELLEES.

727 N.W.2d 703

Filed February 6, 2007.   No. A-06-010.

Billy Tyler, pro se.

Jon Bruning, Attorney General, and Linda Willard for appellees.

IRWIN, MOORE, and CASSEL, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Billy Tyler appeals from an order of the district court for Lancaster County dismissing his petition for habeas corpus relief. The present case is one of a number of actions brought by Tyler in a variety of different courts on the issue of whether Tyler is entitled to credit against his prison sentence for time he spent released on bond pursuant to a grant of habeas relief in July 2003. See, e.g., cases Nos. A-06-696, A-06-604, A-06-603, A-06-602, A-06-380, A-06-189, A-06-183, A-06-076, A-06-053, A-06-052, A-06-026, A-05-1568, A-05-1334, A-05-833, A-05-342, A-05-128, and A-04-1418. We find no merit to Tyler's

appeal, conclude that the district court properly found Tyler was not entitled to habeas relief at the time he filed the petition in this case, and affirm the district court's dismissal of Tyler's petition.

## II. BACKGROUND

Tyler was originally sentenced on February 9, 1996, to three concurrent terms of 7 to 10 years' imprisonment upon Tyler's convictions on three counts of unlawful delivery of a controlled substance. Tyler was given credit for 80 days served.

On July 7, 2003, the district court granted a petition for habeas corpus relief filed by Tyler. The district court found Tyler's continued detention by the Nebraska Department of Correctional Services (Department) after November 22, 2002, was without legal authority. As such, the district court ordered Tyler to be discharged pursuant to an appearance bond pending an appeal by the Department. The appearance bond, signed by Tyler, specified that Tyler agreed "to appear in the District Court . . . as directed by the Court as ordered either for court ordered hearings or as mandated by [the] Court of Appeals or Supreme Court upon resolution of the [appeal]."

In February 2004, the Nebraska Supreme Court reversed the grant of habeas corpus relief. See *State ex rel. Tyler v. Britten*, 267 Neb. xxii (No. S-03-762, Feb. 19, 2004). The mandate was issued on March 26 and entered by the district court on March 30. On March 30, the district court ordered Tyler to appear as follows:

> Tyler is ordered to immediately surrender himself to the . . . Department . . . to complete his sentence as provided by law.
>
> . . . Tyler is directed to appear at the District Court . . . no later than Monday April 19, 2004, at 10:00 a.m. to surrender to the authorities . . . unless he voluntarily surrenders himself before that date. Failure of [Tyler] to surrender himself as ordered by this court shall result in revocation of his appearance bond and warrant for his arrest on April 19, 2004.

Tyler did not surrender himself as ordered by the district court. Tyler was subsequently arrested on November 7.

In July 2003, when Tyler was released on bond, the Department had calculated his projected release date to be

November 18, 2005. At the time of Tyler's release, he had been the subject of numerous disciplinary actions which had resulted in "disciplinary segregation time equivalent to the remainder of his unserved sentence." In other words, at the time of Tyler's release, he had not accumulated any good time credit. None of the disciplinary sanctions have been overturned. As such, at the time of Tyler's release on bond, he had approximately 862 days remaining on his sentence. (July 10, 2003, through July 9, 2004, is 366 days; July 10, 2004, through July 9, 2005, is 365 days; and July 10 through November 17, 2005, is 131 days.)

On September 8, 2005, Tyler filed the petition for habeas corpus relief in this case. Tyler alleged that he was entitled to credit against his sentence for the time from his release on bond until his being returned to incarceration in November 2004. Tyler alleged that with the credit against his sentence, he was then entitled to absolute discharge. Tyler has filed in various courts numerous similar proceedings asserting his entitlement to credit for the time he was released on bond.

On October 28, 2005, the district court entered an order dismissing Tyler's petition. The district court found that Tyler was out of custody in violation of his bond from March 30 until November 6, 2004, a total of 221 days. The district court made no finding whether Tyler was entitled to credit against his sentence for the time he was legitimately out of custody on bond—from July 10, 2003, through March 29, 2004—but specifically found that he was not entitled to credit for the 221 days he was out of custody in violation of his bond. With respect to Tyler's assertion that he was also entitled to earn good time credit toward an earlier release date while he was out of custody on bond, the district court found that Tyler was not entitled to restoration of good time previously forfeited, because "Tyler was not in the custody of the [D]epartment [while] he was out of custody on bond." The court therefore dismissed Tyler's petition.

On November 4, 2005, Tyler filed a motion asking the district court to reconsider its October 28 order. The district court overruled the motion on November 8, but placed an incorrect docket number on the order. After being notified of the error, the district court issued on November 16 a new order overruling the motion. Tyler filed this appeal.

### III. ASSIGNMENT OF ERROR

Tyler's sole assignment of error is that the district court erred in denying him habeas corpus relief.

### IV. ANALYSIS

As we read the myriad of filings and orders in this case, noting that the multitude of filings made by Tyler are all handwritten and often bordering on illegibility, we construe the appeal to present two issues: whether Tyler is entitled to credit as time served for the period of time he was out of custody on bond and whether Tyler is entitled to restoration of previously forfeited good time credit for the period of time he was out of custody on bond. The answer to both questions leads us to conclude that the district court was correct in finding that Tyler was not entitled to habeas corpus relief at the time he filed the petition at issue in this case.

#### 1. TIME SERVED CREDIT

We first consider whether Tyler is entitled to credit as time served for the period of time he was out of custody on bond. This issue was tangentially addressed in this court's opinion in *Tyler v. Nebraska Dept. of Corr. Servs.*, 13 Neb. App. 795, 701 N.W.2d 847 (2005), an opinion Tyler has seized upon and misconstrued in most of the filings he has made in the present case.

In *Tyler v. Nebraska Dept. of Corr. Servs., supra,* this court addressed whether a declaratory judgment action brought by Tyler concerning issues similar to those raised in the present case was properly characterized as frivolous such that the district court could properly deny in forma pauperis status. We concluded that Tyler's claim was not frivolous. We noted that the record presented did not indicate Tyler had violated any of the conditions of his release, and we concluded that Tyler's claim that his sentence should have continued to run during the time he was out of custody on bond was not frivolous. We also, however, specifically emphasized that we were "not expressing any view concerning the ultimate merit of Tyler's claim." *Id.* at 800, 701 N.W.2d at 851. It is the ultimate merit of that claim, in part, that is now presented.

In *Tyler v. Nebraska Dept. of Corr. Servs., supra,* this court looked to the oft-cited case of *White v. Pearlman*, 42 F.2d 788,

789 (10th Cir. 1930), in which the Court of Appeals for the 10th Circuit stated:

> A prisoner has some rights. A sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments. . . . It is our conclusion that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty.

See, also, *Luther v. Vanyur*, 14 F. Supp. 2d 773 (E.D.N.C. 1997); *McCorvey v. State*, 675 So. 2d 81 (Ala. Crim. App. 1995). Cf. *Free v. Miles*, 333 F.3d 550 (5th Cir. 2003) (holding prisoner was not entitled to credit on federal sentence for mistakenly serving first 6 months of federal sentence prior to completing service of state sentence and stating that sole purpose of rule against piecemeal incarceration is to prevent governmental abuse of coercive power to imprison person by artificially extending duration of sentence through releases and reincarceration).

Applying those same principles to the case before us, we conclude that the district court did not err in dismissing Tyler's petition. The district court properly concluded that Tyler is not entitled to credit as time served for the period of time he was out of custody and in violation of the terms of his bond, and this finding alone is sufficient to conclude that when Tyler filed his petition, he was not entitled to habeas corpus relief on the basis of any credit as time served. Nonetheless, we conclude that the district court miscalculated the period of time during which Tyler was in violation of his bond.

On March 30, 2004, the district court entered the mandate of the Nebraska Supreme Court reversing the district court's earlier grant of habeas corpus relief to Tyler. The district court specifically directed Tyler, in accordance with the terms of his appearance bond, to "immediately surrender himself"; however, the district court further specified that Tyler was directed to appear "no later than Monday April 19, 2004," or his appearance bond would be revoked and an arrest warrant would be issued. As such, we first conclude that the period of time during which

Tyler was out of custody and in violation of his appearance bond was the period of time from April 19 through November 6, or 202 days—rather than the 221 days found by the district court.

■ We agree with the district court that Tyler is not entitled to credit for time served during this period of time. The principles of law quoted above specifically recognize an exception to the right to a continuous sentence in situations where the interruption of the sentence is caused by escape, violation of parole, or some other fault of the prisoner. Here, the 202 days during which Tyler was in violation of his appearance bond constitute a period of time during which Tyler's sentence was interrupted through his fault—his failure to appear as directed by the court.

At the time of Tyler's release on bond, his projected release date was November 18, 2005. Because Tyler is not entitled to any credit as time served for the 202 days that he was out of custody and in violation of his appearance bond, his projected release date would have become at least sometime in June 2006.

Tyler filed his petition seeking habeas corpus relief on September 8, 2005. At that time, Tyler still had at least approximately 9 months to serve on his sentence, absent any credit for good time, regardless of whether Tyler is entitled to credit as time served for the period of time he was out of custody on bond and not in violation of the terms of his bond. As such, when Tyler filed for habeas corpus relief and when the court ruled on his petition, the district court correctly held that Tyler was not entitled to habeas corpus relief on the basis of credit as time served. Because we need not do so to resolve this appeal, we expressly decline to address whether Tyler is entitled to credit as time served for any period of time he was out of custody on bond and not in violation of the terms of the bond or whether Tyler was, in fact, not in violation of the terms of his bond during any other periods of time.

## 2. Good Time Credit

The other issue that must be addressed is whether Tyler is entitled to good time credit for the period of time he was out of custody on bond. Tyler has asserted that pursuant to Neb. Rev. Stat. § 83-1,107 (Cum. Supp. 2006), he should have earned good time credit during the time he was out of custody on bond,

and that such good time credit entitles him to habeas corpus relief. We disagree.

Section 83-1,107(2) provides for good time credit. However, the record indicates that when Tyler was released on bond in July 2003, he had accumulated no good time credit and had actually "accumulated disciplinary segregation time equivalent to the remainder of his unserved sentence." As such, when Tyler was released on bond in July 2003, he had accumulated more than 2 years of disciplinary segregation. Although § 83-1,107(3) allows for restoration of good time, Tyler has provided no authority which would suggest he was entitled to such restoration of good time. In fact, the Department's administrative regulation No. 117.02 provides that previously forfeited good time "may be restored" if the inmate "has demonstrated progressive positive behavior over an extended period of time." Tyler has not demonstrated an entitlement to restoration under this provision.

Additionally, as noted above, for at least 202 of the days Tyler was out of custody on bond, he was out of custody in violation of the terms of his appearance bond. Inasmuch as we have already concluded above that Tyler is not entitled to any credit for this period of time as time served, he is likewise not entitled to any good time credit for the time. We conclude that the district court correctly held that Tyler is not entitled to restoration of good time credit and was not entitled to habeas corpus relief on this basis.

## V. CONCLUSION

The issues presented herein are limited to whether Tyler was entitled to habeas corpus relief when he filed his petition for habeas corpus relief and when the district court ordered Tyler was entitled to no relief and dismissed his petition. At those times, Tyler was not entitled to habeas corpus relief under a theory of credit as time served or good time credit. Tyler is entitled to no credit for the 202 days he was out of custody and in violation of his appearance bond. We expressly make no determination concerning Tyler's entitlement to credit as time served for the time he was out of custody on bond and not in violation of the terms of his bond.

AFFIRMED.

[By order of the court, *State v. McCulloch*, 15 Neb. App. 381, 727 N.W.2d 717 (2007), withdrawn. See *State v. McCulloch*, 15 Neb. App. 616, 733 N.W.2d 586 (2007). (Pages 382-89) omitted.)]