779 N.W.2d 623 (2010)
18 Neb. App. 329
STATE of Nebraska, appellant,
v.
David L. ANDERSON, appellee.
No. A-09-870.
Court of Appeals of Nebraska.
March 2, 2010.
*625 Timothy S. Sieh, York County Attorney, for appellant.
No appearance for appellee.
SIEVERS, CARLSON, and MOORE, Judges.
MOORE, Judge.

INTRODUCTION
The appellee, David L. Anderson, was convicted of driving under the influence, third offense, with a blood alcohol concentration of greater than .15 of a gram per 100 milliliters of his blood. Anderson was placed on probation and sentenced to serve 60 days in jail, with credit given for time previously served in jail and in a residential substance abuse treatment program. The State has appealed the sentence imposed upon Anderson, asserting that due to an error in determining the credit for time served, the sentence is excessively lenient. Because we find that Anderson was not entitled to credit against his jail sentence for time spent in a residential treatment facility, we reverse, and remand the cause with directions to vacate the credit given for the time spent in the treatment facility.

BACKGROUND
On May 18, 2009, Anderson entered a plea of no contest to the charge of "Driving Under the Influence, Third offense,.15," a Class IIIA felony. In exchange for the plea, the State dismissed the additional charges of failure to stop and furnish information, possession of marijuana less than 1 ounce, and possession of drug paraphernalia. The district court accepted the plea and found this to be a third offense. The record shows that Anderson had been accepted into a residential substance abuse treatment program on March 18. At the sentencing hearing held on August 4, the district court ordered that Anderson be sentenced to community-based intervention (probation) for a period of 5 years and, among other conditions, ordered that Anderson serve 60 days in the county jail, with credit for 3 days already served in jail and 57 days already served in residential treatment.
The State filed this appeal pursuant to Neb.Rev.Stat. § 29-2320 (Supp.2009) after obtaining consent from the Attorney General as required by Neb.Rev.Stat. § 29-2321(1)(b) (Supp.2009).

ASSIGNMENT OF ERROR
The State argues that the district court erred in granting Anderson credit against his jail sentence for time spent in a residential substance abuse treatment program.

STANDARD OF REVIEW
When the State appeals and claims that a sentence imposed on a defendant is excessively lenient, the standard of review is whether the sentencing court abused its discretion in the sentence imposed. State v. Alford, 278 Neb. 818, 774 N.W.2d 394 (2009).
Whether a defendant is entitled to credit for time served is a question of law. Id.

ANALYSIS
The State argues that the district court erroneously granted Anderson credit against his jail sentence for time spent in a residential substance abuse treatment facility. Because of this error, the State asserts that Anderson's jail sentence falls below the minimum statutory limit for his offense and, as such, is excessively lenient.
Neb.Rev.Stat. § 60-6,197.03(6) (Supp. 2007) requires that a person convicted of *626 driving under the influence of alcohol, who has been twice previously convicted and who had a blood alcohol concentration of.15 of a gram per 100 milliliters of his blood or more, shall be sentenced to serve 60 days in a city or county jail as a condition of probation.
Neb.Rev.Stat. § 47-503(1) (Reissue 2004) provides that credit against a jail term shall be given to any person sentenced to a city or county jail for time spent in jail as a result of the criminal charge for which the jail term is imposed or as a result of conduct upon which such charge is based. Statutory language is to be given its plain and ordinary meaning. State v. Alford, supra. It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute. Id. Clearly, time spent in a residential treatment facility is not time spent "in jail" under the plain language of § 47-503(1).
The State refers us to Neb.Rev. Stat. § 83-1,106 (Reissue 2008), which is similar to § 47-503 but addresses persons sentenced to prison as opposed to jail. Section 83-1,106 provides for credit for time spent "in custody" as a result of the criminal charge for which a prison sentence is imposed. While § 83-1,106 is not applicable in this case and contains an arguably broader credit for time spent "in custody" as opposed to "in jail," the phrase found in § 47-503, we find the cases defining "in custody" to be further support for our decision in the instant case. The Nebraska Supreme Court held in State v. Jordan, 240 Neb. 919, 923, 485 N.W.2d 198, 201 (1992), that the phrase "in custody" under § 83-1,106 means "judicially imposed physical confinement in a governmental facility authorized for detention, control, or supervision of a defendant before, during, or after a trial on a criminal charge." See, also, Tyler v. Nebraska Dept. of Corr. Servs., 13 Neb.App. 795, 701 N.W.2d 847 (2005). In Jordan, supra, the Supreme Court concluded that time spent under electronic monitoring conducted at the defendant's residence did not qualify as time "in custody" for the purpose of sentencing credit as required under § 83-1,106(1). We note that in Jordan, the Supreme Court recognized conflicting cases from other jurisdictions that allowed credit for time spent in residential alcohol treatment facilities where restrictions on liberty were equivalent to incarceration. We also note that under different circumstances, the Nebraska Supreme Court has held that a defendant is not entitled to have credit for time served in a voluntary alcohol treatment program prior to conviction. See State v. Hutton, 218 Neb. 420, 355 N.W.2d 518 (1984).
We hold that under § 47-503(1), a defendant is not entitled to credit against a jail sentence for time spent in a residential substance abuse treatment facility. Because the district court erred in granting Anderson credit for time spent in treatment, the jail sentence effectively fell below the statutorily imposed requirement of 60 days for the offense for which Anderson was convicted. As such, the district court's erroneous credit resulted in an excessively lenient sentence. See State v. Alford, 278 Neb. 818, 774 N.W.2d 394 (2009) (sentence that falls below statutorily prescribed sentencing limits is example of leniency that can be appealed by State pursuant to § 29-2320).
Accordingly, pursuant to Neb.Rev.Stat. § 29-2322 (Reissue 2008), we remand the cause with directions to vacate the credit for time spent in the residential substance abuse treatment facility.

*627 CONCLUSION
The district court erred in giving Anderson credit against his jail sentence for time spent in a residential substance abuse treatment facility. Its judgment is reversed, and the cause is remanded with directions to vacate this credit.
REVERSED AND REMANDED WITH DIRECTIONS.