# Illinois Official Reports

## Appellate Court

---

**People v. Clark, 2017 IL App (3d) 140987**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELIZABETH M. CLARK, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0987 |
| Filed<br>Modified upon<br>denial of rehearing | October 5, 2017<br><br>November 1, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 14-CF-201; the Hon. Stanley B. Steines, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Pamela M. Rubeo, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Terry A. Costello, State's Attorney, of Morrison (Patrick Delfino, Lawrence M. Bauer, and Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Elizabeth Clark, was convicted by the trial court of escape for her failure to report to the county jail immediately after her discharge from a halfway house, as ordered as a bond condition, and sentenced to a term of 30 months' probation. She appealed her conviction. We reverse.

¶ 2                                   FACTS

¶ 3    Defendant, Elizabeth Clark, pleaded guilty to burglary and unlawful use of a debit card and was sentenced to a term of 30 months' probation with a drug treatment requirement. Clark violated her probation, and it was revoked. The trial court resentenced her to another term of 30 months' probation and 74 days in jail. She, again, violated the probation terms and admitted the allegations of probation violation.

¶ 4    In January 2014, the trial court released Clark on a $50,000 temporary recognizance bond. The trial court's order included a number of conditions and provided that Clark "be released from custody" on January 10 "in the custody" of her father to attend substance abuse treatment at an inpatient facility. The order also required Clark to submit to a urine test "immediately upon returning to custody." She successfully completed treatment, and in February 2014, the trial court modified the conditions of her bond. Its order stated that upon her release from treatment, Clark "shall enter directly" into an extended residential care halfway house. Under the modified bond conditions, Clark was able to leave the halfway house for employment, medical needs, and 12-step meetings. The order further provided that Clark, upon release or discharge from the halfway house, was to "immediately return to the custody of Whiteside County Jail, using the most direct route of travel and without delay or departure therefrom."

¶ 5    On June 5, 2014, Clark left the halfway house and failed to report to the jail. That same day, the State filed an application to increase Clark's bond, and the trial court issued a warrant in the amount of $50,000. The State filed an information on June 6, 2014, charging Clark with escape based on section 31-6(a) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/31-6(a) (West 2014)). The information alleged that Clark, having been convicted of the felony offenses of burglary and unlawful use of a debit card, failed to report to the jail on June 6, 2014, as required under terms of her recognizance bond. On June 16, 2014, Clark turned herself into the Whiteside County jail, where the warrant was served.

¶ 6    A stipulated bench trial took place in September 2014. A statement of facts was entered into evidence consistent with the facts as stated above. The facts also included Clark's admission that she did not immediately report to the jail after leaving the halfway house, although she was aware she was required to do so. The trial court found Clark guilty of escape, stating that per the terms of her recognizance bond, she was required to return

immediately to the Whiteside County jail after discharge from the halfway house. The trial court further stated that Clark had been convicted of burglary and unlawful use of a debit card and was awaiting sentencing on those offenses. The trial court denied Clark's motion for a new trial and sentenced her to a 30-month term of probation. Clark appealed.

¶ 7                                        ANALYSIS

¶ 8    The issue on appeal is whether Clark was proved guilty of escape beyond a reasonable doubt. Clark argues that she violated the terms of her bond but was not guilty of the offense of escape. She asserts that the escape statute does not apply because she was not in custody when she failed to report as ordered.

¶ 9    The State is required to prove the elements of the offense beyond a reasonable doubt. *People v. Patterson*, 217 Ill. 2d 407, 447 (2005). Where considering the sufficiency of the evidence, the reviewing court will not set aside a conviction unless the evidence is so unreasonable, improbable, or unsatisfactory such that it raises a reasonable doubt about the defendant's guilt. *Id.* (citing *People v. Evans*, 209 Ill. 2d 194, 209 (2004)). When construing a statute, the trial court must ascertain and give effect to the legislature's intent. *People v. Whitney*, 188 Ill. 2d 91, 97 (1999). Where the language is clear and unambiguous, a court gives it its plain and ordinary meaning. *Id.* In reviewing a challenge to the sufficiency of the evidence, this court considers whether, viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Baskerville*, 2012 IL 111056, ¶ 31. This court reviews issues of statutory interpretation *de novo*. *Id.* ¶ 18.

¶ 10   Section 31-6(a) of the Criminal Code provides:
> "A person convicted of a felony or charged with the commission of a felony *** who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony; however, a person convicted of a felony *** who knowingly fails to report to a penal institution or to report for periodic imprisonment at any time or knowingly fails to return from furlough or from work and day release or who knowingly fails to abide by the terms of home confinement is guilty of a Class 3 felony." 720 ILCS 5/31-6(a) (West 2014).

¶ 11   To commit the offense of escape, a defendant must first be in custody. *People v. Campa*, 217 Ill. 2d 243, 259 (2005). Custody is not defined in either the Criminal Code, the Code of Criminal Procedure of 1963 (725 ILCS 5/100-1 *et seq.* (West 2014)), or the Unified Code of Corrections (Corrections Code) (730 ILCS 5/1-1-1 *et seq.* (West 2014)). *Campa*, 217 Ill. 2d at 253, 260. Custody, defined in case law as incorporating both physical and constructive custody, is construed broadly and includes lesser forms of constraint than confinement. *Id.* at 253-54. A defendant released on bail or a recognizance bond is not considered to be in "custody" per the Corrections Code. *Id.* at 260 (citing *People ex rel. Morrison v. Sielaff*, 58 Ill. 2d 91, 93 (1974)). Bail is the security needed for release from custody. *Morrison*, 58 Ill. 2d at 94. Custody does not include the time a defendant is released on bail. *People v. Ramos*, 138 Ill. 2d 152, 161 (1990).

¶ 12   In *People v. Tillery*, 141 Ill. App. 3d 610 (1986), and *People v. Freeman*, 95 Ill. App. 3d 297 (1981), the courts focused on the degree of restraint placed on the defendants in deciding whether they were in custody for purposes of presentencing credit. Under that analysis, Clark enjoyed movements unrestricted by the court or jail personnel. Her bond restrictions included

only participation in substance abuse rehabilitation and a return to the jail when completed. Clark was released to the halfway house under a recognizance bond like the defendant in *Tillery*. That defendant, who was ordered to attend treatment, was under close supervision, was required to report when he walked the one mile between his job and the facility, and was allowed only a 15-minute unsupervised shopping trip each day. *Tillery*, 141 Ill. App. 3d at 613. The reviewing court considered the "light" restrictions placed on the defendant and found he was not in custody during his time in treatment and not entitled to presentence custody credit. *Id.* at 613-14; see also *Freeman*, 95 Ill. App. 3d at 300 (finding defendant in treatment program was not in custody because of the minimal restrictions put on his freedom).

¶ 13    Similarly, Clark was ordered to attend treatment and then a halfway house as conditions of her bond. The court's initial order stated Clark was released from custody to her father for transport to treatment. After her bond was modified following her successful completion of the treatment program, the court did not require that either jail or court personnel transport her to the halfway house. The modified bond conditions allowed Clark to leave the facility for various reasons, including work, medical needs, and 12-step meetings during her time there. The order did not require her movements be monitored by court or jail employees, and they were not ordered to be involved in her return to the jail. The order stated that Clark was to "return to the custody" of the jail. These facts establish that Clark was not in custody when she failed to report to the jail as required by her bond conditions.

¶ 14    We find applicable another area of distinction between bail and custody. While on bail, Clark was under the authority of the court, in contrast to a person in custody who is under the authority of the sheriff or the Illinois Department of Corrections. In *Campa*, the court discussed custody to determine the defendant's speedy trial claim. *Campa*, 217 Ill. 2d at 253. The *Campa* court distinguished between the sheriff's authority and the court's authority to release a defendant, concluding that courts have the sole authority to set and modify bail and to release prisoners. *Id.* at 264. In *People v. Hunt*, 234 Ill. 2d 49, 53 (2009), the defendant was transferred from the sheriff's custody to the custody of law enforcement to aid in an investigation and later returned to custody of the jail. The reviewing court distinguished *Campa*, finding the defendant was not free on bail and his transfer was authorized by statute and did not require a judicial order. *Id.* at 63-64. The *Hunt* court stated, "defendants released on bail or on their own recognizance are no longer in the custody of law enforcement." *Id.* at 63.

¶ 15    The State relies on *People v. Simmons*, 88 Ill. 2d 270 (1981), as support for its claim that Clark's conviction for escape was proper. In *Simmons*, the defendant argued that he could not be convicted for escape because he failed to return to jail from an independent day release but did not escape. *Id.* at 271. The supreme court found that under the Criminal Code, defendant's failure to return constituted an escape, as he remained in the legal custody of the correctional center while on day release. *Id.* at 273. *Simmons* is distinguished. As discussed above, Clark was released from custody by virtue of her bail.

¶ 16    Because the State could not establish that Clark was in custody, a requirement inherent in the offense of escape, it could not prove she was guilty of escape beyond a reasonable doubt. We find her escape conviction cannot stand.

¶ 17                                          CONCLUSION

¶ 18              The judgment of the circuit court of Whiteside County is reversed.

¶ 19              Reversed.